JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

04-00010

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Felipe Datuin
Jeff Gumataotao
James Cruz

**DEFENDANTS**
LSG Lufthansa Service Holding AG,
LSG Lufthansa Service (LSG) Guam,
Inc., et al.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Sandra D. Lynch
207 Martyr St., Suite 3
Hagatna, Guam 96910  472-8889

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / PERSONAL PROPERTY / ☐ 370 Other Fraud / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | HABEAS CORPUS: | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Complaint for employment discrimination under 42 USC § 2000e, et seq., Title VII of Civil Rights Act

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
DEMAND $ 1.5 million +
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE John S. Unpingco
DOCKET NUMBER 03-00028

DATE 3-4-04
SIGNATURE OF ATTORNEY OF RECORD /s/ Sandra D. Lynch

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. _____

RECEIVED
MAR -4 2004
DISTRICT COURT OF GUAM
HAGATNA, GUAM

THE LAW OFFICE OF SANDRA D. LYNCH, P.C.
Travel Pacificana Building, Suite 3
207 Martyr Street
Hagåtña, Guam 96910
Telephone: (671) 472-8889/565-7730
Facsimile: (671) 472-8890

*Attorney for Plaintiffs*

FILED
DISTRICT COURT OF GUAM
MAR - 4 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| FELIPE DATUIN, JEFF GUMATAOTAO, and JAMES CRUZ,<br><br>Plaintiffs<br><br>vs.<br><br>LSG LUFTHANSA SERVICE HOLDING AG, LSG LUFTHANSA SERVICE (LSG) GUAM, INC., LSG CATERING GUAM, INC., LSG LUFTHANSA SERVICE USA CORPORATION, LSG LUFTHANSA SERVICE (LSG) ASIA, LTD., LSG LUFTHANSA SERVICE (LSG) SAIPAN, INC., LSG CATERING SAIPAN, INC., LSG SKY CHEFS, and DOES 1 through 20,<br><br>Defendants. | Case No. 04-00010<br><br>**COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**<br>[42 USC §2000e et seq.] |

Come now the Plaintiffs, FELIPE DATUIN, JEFF GUMATAOTAO, and JAMES CRUZ, and herein allege as follows:

1. This is a suit in equity pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.;

2. This Court has jurisdiction pursuant to 42 U.S.C. §2000e and 5(f), and 28 U.S.C. §1343(4), to secure the protection of and to redress deprivations of rights, and to provide relief against racial, religious, national origin, and sex discrimination in employment;

3. The conditions precedent to jurisdiction under 42 U.S.C. §2000-e5(f)(3) have been

met since each Plaintiff filed charges of employment discrimination with the United States Equal Employment Opportunity Commission within 180 days of the commission of the unfair employment practice and the EEOC issued a Right to Sue notification which was received less than 90 days prior to the filing of this complaint;

**PARTIES**

4. Plaintiff, Felipe Datuin is a citizen of the United States and a Pacific Island resident in Guam, and is over forty (40) years of age;

5. Plaintiff Datuin was the Assistant Operations Manager for Defendants for over ten years. During his employment, Datuin reported to the Production Manager, Ricardo Gino Perez, and subsequently to the Operations Manager, Kelvin Chan;

6. Plaintiff Jeff Gumataotao is a citizen of the United States and a Pacific Island resident in Guam;

7. Plaintiff Gumataotao was a Dispatcher for Defendants until June, 2003. During his employment, he reported to the Operations Manager, Kelvin Chan;

8. Plaintiff James Cruz is a citizen of the United States and a Pacific Island resident in Guam;

9. Plaintiff Cruz was a Flight Coordinator for Defendants when he was terminated. He reported to the Operations Manager, Kelvin Chan;

10. Defendant LSG Lufthansa Service Holding AG [hereinafter LSG Holding AG] is, upon information and belief a foreign Holding Company with its principal place of business in Germany;

11. Defendant LSG Lufthansa Service [LSG] Guam, Inc., [hereinafter LSG Guam] is, upon information and belief a corporation licensed to do business in Guam and is incorporated under the laws of Guam;

12. Defendant LSG Catering Guam, Inc., [hereinafter LSG Catering Guam] is, upon information and belief a corporation licensed to do business in Guam and is incorporated under the

Page 2

laws of Guam;

13. Defendant LSG Guam, is upon information and belief owned and operated by LSG Catering Guam;

14. Defendant LSG Lufthansa Service [LSG] Saipan, Inc., [hereinafter LSG Saipan] is, upon information and belief a corporation licensed to do business in Saipan, Commonwealth of the Northern Marianas Islands, and is incorporated under the laws of the CNMI and Saipan;

15. Defendant LSG Catering Saipan, Inc., [hereinafter LSG Catering Saipan] is, upon information and belief a corporation licensed to do business in Saipan, CNMI and is incorporated under the laws of Saipan and the CNMI;

16. Defendant LSG Saipan, is upon information and belief owned and operated by LSG Catering Saipan;

17. Defendants LSG Catering Guam and LSG Catering Saipan, are, upon information and belief owned and operated by LSG Lufthansa Service USA Corporation, [hereinafter LSG USA] a corporation licensed to do business in the United States and incorporated under the laws of the United States;

18. Defendant LSG Lufthansa Service [LSG] Asia, Ltd., [hereinafter LSG Asia] is upon information and belief the regional headquarters for LSG Guam, LSG Catering Guam, LSG Saipan and LSG Catering Saipan and has its principal place of business in Hong Kong;

19. LSG Service Guam, LSG Catering Guam, LSG Service Saipan and LSG Catering Saipan are supervised and/or report to LSG Service Asia, Ltd.;

20. Defendant LSG Service Asia, Ltd., is, upon information and belief, owned and operated by LSG Holding AG and/or LSG USA;

21. LSG Guam, LSG Catering Guam, LSG Saipan, and LSG Catering Saipan are also known as "LSG Sky Chefs," an wholly owned subsidiary or affiliate of LSG Holding AG;

22. Defendant LSG Sky Chefs, upon information and belief, maintain their primary

Page 3

business office in the state of Texas, and are licensed or incorporated under the laws of the United States;

23. All LSG Defendants [collectively referred to hereinafter as LSG] are, upon information and belief, owned, operated, controlled and/or alter-egos, directly or indirectly, of LSG Lufthansa Service Holding AG Company of Germany [LSG Holding AG]

24. Because they are controlled directly and indirectly by LSG Holding AG, LSG Service Guam, LSG Catering Guam, LSG Service Saipan, and LSG Catering Saipan pay substantial amounts in earnings each year to LSG Holding AG Company, LSG Service USA, and/or LSG Service Asia, Ltd. under written or verbal management agreements;

25. In at least the year 2002 and 2003, no written amount was specified in the management agreement for payment to LSG entities from LSG Guam or LSG Saipan, but payments were made in amounts specified by LSG Holding AG, LSG USA, and/or LSG Asia, the parent and controlling companies of Guam and Saipan LSG entities;

26. The boards of directors for LSG Guam and LSG Saipan had no control or veto authority over the amounts of profits or earnings to be paid to LSG Holding AG, LSG USA, or LSG Asia under written or verbal management agreements because of the control exercised by LSG Holding AG, LSG USA and/or LSG Asia over the Guam and Saipan LSG entities;

27. LSG Service Guam, LSG Catering Guam, LSG Service Saipan, and LSG Catering Saipan hold and maintain corporate bank accounts in Guam and Saipan on behalf of LSG USA, LSG Holding AG and/or LSG Asia;

28. H.K. Cheung is or was the Executive Vice President of Administration and Finance for LSG Asia at all relevant times;

29. H.K. Cheung, as Executive Vice President, reported directly to LSG Holding AG, and/or LSG USA at all relevant times;

30. Fritz Pandalitschka is or was the General Manager or Director of Operations for LSG

Guam and LSG Saipan and other Guam LSG entities at all relevant times;

31. Pandalitschka, as Manager or Director, reported directly to H.K. Cheung at all relevant times;

32. Kelvin Chan is a Chinese national who is or was employed as manager of Customer Service and then as Operations Manager for LSG Guam and LSG Saipan, at all relevant times, and reported directly to Pandalitschka;

## COUNT I

33. During the course of their employment, Plaintiffs came under the direct or indirect supervision of Cheung, Pandalitschka and Chan in differing capacities;

34. During the course of their employment, Plaintiffs were subjected to disparate treatment by Cheung, Pandalitschka and Chan, acting in the scope of their employment on behalf of Defendants LSG;

35. The disparate treatment suffered by Plaintiffs subjected them to differential terms and conditions of employment because of their race and national origin as Pacific Islanders, and in addition, as to Plaintiff Datuin, on account of his age;

36. The differential terms and conditions of employment to which Plaintiffs were subjected included harassment, excessive criticism, disparate working hours and disparate wages;

37. The disparate treatment mentioned in the allegations of Paragraphs 34-36 above created a hostile work environment for the Plaintiffs;

38. As a result of the disparate treatment and hostile work environment, Plaintiffs complained and obtained no relief;

39. As a direct result of their complaints about the disparate treatment and hostile work environment, each of the Plaintiffs were subjected to retaliation by Defendants LSG;

40. Defendants LSG have exhibited, through their agents or assigns, and by their actions and inactions, patterns and practices of discrimination toward Pacific Islanders and of those persons

Page 5

over forty (40) years of age;

41. Defendants LSG have, through their agents or assigns, and by their actions and inactions, subjected Plaintiffs to unlawful discrimination in the terms and conditions of their employment;

42. Defendants LSG have, through their agents or assigns, and by their actions and inactions, condoned, accepted, authorized, implicitly or explicitly, the actions of discrimination, retaliation, disparate treatment, hostile work environment, harassment and other unlawful employment practices to which Plaintiffs were subjected in the terms and conditions of their employment;

43. The actions and inactions by Defendants LSG and each of them, affected the rights of Plaintiffs by depriving them of the equal employment opportunities under the law, because of racial and ethnic, or national origin discrimination;

## COUNT II

44. Plaintiff Datuin worked for Defendant LSG for almost eleven years and was an Assistant Operations Manager in April, 2003;

45. Prior to April, 2003, Plaintiff Datuin had a perfect employment record with LSG Defendants;

46. Plaintiff Datuin's job responsibilities did not include talking to the airlines for meal orders for flights catered by LSG Catering Guam, instead the responsibility for such orders was the Operations Manager's job;

47. Plaintiff Datuin made known his support for other persons who have filed suit under Title VII of the Civil Rights Act, and a pretense was therefore needed for his termination, as no reasons existed at the time;

48. On or about April, 2003, Pandalitschka devised a pretense to terminate Plaintiff because of his age, because of his national origin, and in retaliation;

Page 6

49. On other occasions, Plaintiff complained about the disparate treatment he and other Pacific Islanders received from Chan, who had been promoted to Operations Manager, but their complaints were not acted on by Defendants or their agents;

50. On or about April, 2003, when a meal was missing from a flight, instead of blaming the Operations Manager, Chan, Pandalitschka blamed Datuin;

51. As a result of the unreasonable and discriminatory actions of Chan and Pandalitschka, Plaintiff Datuin was wrongfully terminated;

52. Other persons who have the responsibility for missing and replacing meals, such as Chan, who is a Chinese National and in the favor of Pandalitschka, have not been terminated for similar problems with meals on flights;

53. Defendants LSG have replaced Plaintiff Datuin with younger persons;

54. Defendants LSG discriminated against Plaintiff Datuin, by treating him differently than younger persons, by treating him differently than persons not of Pacific Island origin, and by creating a hostile work environment after he complained about Chan;

55. As a result of the unlawful employment practices to which Plaintiff Datuin was subjected, he suffered damages, including lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorneys fees, in amounts which will be proved at trial;

## COUNT III

56. Plaintiff Gumataotao is a Pacific Islander who was hired to work as a dispatcher for Defendants LSG;

57. On or about June 26, 2003, Plaintiff Gumataotao was wrongfully terminated from his employment;

58. On or about April, 2003, Plaintiff was given a warning letter and a three day suspension for a delay in a flight caused by a change in the flight schedule and through no fault of

Page 7

his own. As a result of the change in the schedule, neither Gumataotao nor his supervisor were informed prior to their shift. As a result of the change, meals for a flight leaving after his shift ended were missing. The issue of the missing meals had been appropriately turned over to the Plaintiff's relief worker for the next shift, and the airline representative in charge of the meals was coordinating with the kitchen supervisor;

59. Despite that Plaintiff Gumataotao had no responsibility for either the delay or the additional meals, Plaintiff was singled out for discipline;

60. Other persons who were directly or indirectly responsible for missing meals or delayed flights were not disciplined, or were disciplined less severely;

61. Plaintiff Gumataotao made known his support for other persons who have filed suit under Title VII of the Civil Rights Act, and a pretense was therefore needed for his termination, as no reasons existed at the time;

62. Beginning in April and continuing through June, 2003, Defendants LSG devised a pretense to terminate Plaintiff because of his national origin, and in retaliation;

63. On other occasions, Plaintiff complained about the disparate treatment he and other Pacific Islanders received from Chan, who had been promoted to Operations Manager, but their complaints were not acted on by Defendants or their agents;

64. As a result of the unreasonable and discriminatory actions of Defendants LSG and their agents, Plaintiff Gumataotao was wrongfully terminated;

65. Defendants LSG discriminated against Plaintiff Gumataotao, by treating him differently than persons not of Pacific Island origin, and by creating a hostile work environment after he complained about Chan;

66. As a result of the unlawful employment practices to which Plaintiff Gumataotao was subjected, he suffered damages, including lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorneys fees, in amounts

which will be proved at trial;

## COUNT IV

67. Plaintiff Cruz was hired in 2000 to work for LSG Defendants and was a flight coordinator in July, 2003 when he was terminated;

68. Prior to his termination, Cruz had been required to take three days off each month without pay, despite that others, who were not Pacific Islanders, did not have to forfeit pay or reduce their work hours;

69. Prior to his termination, Cruz worked overtime hours but was not paid overtime, in violation of Equal Pay laws, and Fair Wage Standard laws of the United States;

70. Prior to his termination, Cruz complained about the disparate treatment he was receiving in the areas of wages, overtime, and work hours, including that he was doing a flight line supervisor job but without the pay attendant to that position;

71. Prior to his termination, Cruz complained that his wife was being sexually harassed by persons acting as agents of Defendants LSG;

72. Prior to his termination, Cruz complained to Kelvin Chan about ramp safety and his areas of concern, but no action was taken;

73. Prior to his termination, Cruz made known his support for other persons who have filed suit under Title VII of the Civil Rights Act, and a pretense was therefore needed for his termination, as no reasons existed at the time;

74. Beginning in May, 2003 and continuing through the date of his termination, Defendants LSG devised a pretense to terminate Plaintiff because of his national origin, and in retaliation for his complaints;

75. On other occasions, Plaintiff complained about the disparate treatment he and other Pacific Islanders received from Chan, who had been promoted to Operations Manager, but their complaints were not acted on by Defendants or their agents;

Page 9

76. As a result of the unreasonable and discriminatory actions of Defendants LSG and their agents, Plaintiff Cruz was wrongfully terminated;

77. Defendants LSG discriminated against Plaintiff Cruz, by treating him differently than persons not of Pacific Island origin, and by creating a hostile work environment after he complained about Chan;

78. Plaintiff was terminated allegedly because he failed to fill out a form for a flight which was the responsibility of a flight line supervisor, and not his responsibility;

79. As a result of the unlawful employment practices to which Plaintiff Cruz was subjected, he suffered damages, including lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorneys fees, in amounts which will be proved at trial;

**COUNT V**

80. Instead of investigating the complaints made by Plaintiffs, Defendants LSG and or their agents and assigns, retaliated against Plaintiffs and each of them, by wrongfully terminating them;

81. The actions by Chan, Pandalitschka, and others were condoned, approved, or authorized by Cheung, LSG Holding AG, and or other LSG Defendants;

82. At all times relevant hereto, Plaintiffs performed their job duties and responsibilities and carried out the obligations of their employment;

83. The actions by Defendants LSG violated the employment rights of Plaintiffs and denied them the benefits of their employment to which they were entitled;

84. The actions by Defendants LSG were retaliatory in nature, and discriminatory as they applied to each of the Plaintiffs;

85. The actions by Defendants form a continued pattern and practice of discrimination in employment for those of Pacific Island origin;

Page 10

86. As a direct result of the unlawful actions, discrimination, harassment, and differential and disparate treatment to which Plaintiffs were subjected by Defendants LSG, Plaintiffs have suffered damages to be proven at trial;

WHEREFORE, Plaintiffs pray:

1. For a judgment against each of Defendants, jointly and severally, for damages so that each Plaintiff may be compensated for lost wages, benefits, bonuses, backpay and interest thereon in amounts which they would have received but for the discriminatory practices of Defendants, in amounts to be proven at trial;

2. For a judgment against each of Defendants, jointly and severally, so that each Plaintiff may be compensated for mental anguish, personal suffering, professional embarrassment and public humiliation in the amount of $500,000 each;

3. That the Court assess punitive damages against the Defendants, jointly and severally, in amounts sufficient to deter future unlawful employment practices described herein;

4. For attorneys fees and costs of suit as to each Plaintiff;

5. That the Court grant such other legal and equitable relief as it deems just and proper in the circumstances of the case;

Respectfully submitted this 4th day of March, 2004.

LAW OFFICE OF SANDRA D. LYNCH, P.C.

By: _____
Sandra D. Lynch, Esq.
Attorney for Plaintiffs

Page 11

^A0440 (Rev. 8/01) Summons in t Civil Action

# UNITED STATES DISTRICT COURT

District of _Guam_

FELIPE DATUIN and JEFF GUMATATOTAO,

Plaintiffs,

V.

LSG Catering Service Holding AG, LSG Lufthansa Service [LSG] Guam, Inc, LSG Catering Guam, Inc., LSG Lufthansa Service USA Corporation, LSG Lufthansa Service [LSG] Asia, Ltd., LSG Lufthansa Service [LSG] Saipan, Inc., LSG Catering Saipan, Inc. LSG Sky Chefs, and DOES 1 through 20,

Defendants.

**SUMMONS IN A CIVIL CASE**

CIVIL CASE NO. **04-00010**

**TO:** (Name and address of Defendant)
LSG Lufthansa Service (LSG) Guam, Inc.
P.O. Box 6712
Tamuning, Guam 96931

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address):

**SANDRA D. LYNCH, ESQ.
207 MARTYR STREET, SUITE 3
HAGATNA, GUAM 96910**

an answer to the complaint which is served on you with this summons, within 20 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

MARY L. M. MORAN
Clerk Of Court

CLERK

/s/ Walter M. Tenorio

(BY) DEPUTY CLERK

MAR 04 2004

DATE

ACKNOWLEDGED RECEIPT

By: _Sandra Lynch_
Date: 3/4/04

^A0440 (Rev. 8/01) Summons in t Civil Action

# UNITED STATES DISTRICT COURT

District of Guam

FELIPE DATUIN and JEFF GUMATATOTAO,

Plaintiffs,

v.

LSG Catering Service Holding AG, LSG Lufthansa Service [LSG] Guam, Inc, LSG Catering Guam, Inc., LSG Lufthansa Service USA Corporation, LSG Lufthansa Service [LSG] Asia, Ltd., LSG Lufthansa Service [LSG] Saipan, Inc., LSG Catering Saipan, Inc. LSG Sky Chefs, and DOES 1 through 20,

Defendants.

**SUMMONS IN A CIVIL CASE**

CIVIL CASE NO. 04-00010

**TO:** (Name and address of Defendant)

LSG Lufthansa Service USA Corporation
2120 W. 33rd Street
Dallas (DFW) Airport, TX 75261-9103

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address):

**SANDRA D. LYNCH, ESQ.**
**207 MARTYR STREET, SUITE 3**
**HAGATNA, GUAM 96910**

an answer to the complaint which is served on you with this summons, within 20 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

MARY L. M. MORAN
Clerk Of Court

CLERK

MAR 04 2004

DATE

/s/ Walter M. Tenorio

(BY) DEPUTY CLERK

ACKNOWLEDGED RECEIPT
By: [signature]
Date: 3/4/04

# UNITED STATES DISTRICT COURT

District of ___Guam___

FELIPE DATUIN and JEFF GUMATATOTAO,

              Plaintiffs,

V.

LSG Catering Service Holding AG, LSG Lufthansa Service [LSG] Guam, Inc, LSG Catering Guam, Inc., LSG Lufthansa Service USA Corporation, LSG Lufthansa Service [LSG] Asia, Ltd., LSG Lufthansa Service [LSG] Saipan, Inc., LSG Catering Saipan, Inc. LSG Sky Chefs, and DOES 1 through 20,

              Defendants.

**SUMMONS IN A CIVIL CASE**

CIVIL CASE NO. **04-00010**

**TO:** (Name and address of Defendant)

LSG Lufthansa Service (LSG) Asia, Ltd.
510 King's Road
Hong Kong

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address):

**SANDRA D. LYNCH, ESQ.**
**207 MARTYR STREET, SUITE 3**
**HAGATNA, GUAM 96910**

an answer to the complaint which is served on you with this summons, within 20 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

MARY L. M. MORAN
Clerk Of Court

CLERK

/s/ Walter M. Tenorio
(BY) DEPUTY CLERK

MAR 0 4 2004

DATE

ACKNOWLEDGED RECEIPT

By: _Sandra Lynch_
Date: _3/4/04_

# UNITED STATES DISTRICT COURT

_____ District of ____Guam____

FELIPE DATUIN and JEFF GUMATATOTAO,

Plaintiffs,

V.

LSG Catering Service Holding AG, LSG Lufthansa
Service [LSG] Guam, Inc, LSG Catering Guam, Inc.,
LSG Lufthansa Service USA Corporation, LSG Lufthansa
Service [LSG] Asia, Ltd., LSG Lufthansa Service [LSG]
Saipan, Inc., LSG Catering Saipan, Inc. LSG Sky Chefs,
and DOES 1 through 20,

Defendants.

**SUMMONS IN A CIVIL CASE**

CIVIL CASE NO. **04-00010**

**TO:** (Name and address of Defendant)

LSG Lufthansa Service (LSG) Saipan, Inc.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address):

**SANDRA D. LYNCH, ESQ.
207 MARTYR STREET, SUITE 3
HAGATNA, GUAM 96910**

an answer to the complaint which is served on you with this summons, within 20 days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with
the Clerk of this Court within a reasonable period of time after service.

MARY L. M. MORAN
Clerk Of Court

CLERK

/s/ Walter M. Tenorio

(BY) DEPUTY CLERK

DATE

MAR 0 4 2004

ACKNOWLEDGED RECEIPT

By: _Sandra Lynch_
Date: 3/4/04

# UNITED STATES DISTRICT COURT

District of _____Guam_____

FELIPE DATUIN and JEFF GUMATATOTAO,

             Plaintiffs,

**SUMMONS IN A CIVIL CASE**

V.

LSG Catering Service Holding AG, LSG Lufthansa Service [LSG] Guam, Inc, LSG Catering Guam, Inc., LSG Lufthansa Service USA Corporation, LSG Lufthansa Service [LSG] Asia, Ltd., LSG Lufthansa Service [LSG] Saipan, Inc., LSG Catering Saipan, Inc. LSG Sky Chefs, and DOES 1 through 20,

             Defendants.

CIVIL CASE NO. **04-00010**

**TO:** (Name and address of Defendant)

LSG Catering Saipan, Inc.
LSG Offices Tamuning

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address):

**SANDRA D. LYNCH, ESQ.
207 MARTYR STREET, SUITE 3
HAGATNA, GUAM 96910**

an answer to the complaint which is served on you with this summons, within 20 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

MARY L. M. MORAN
Clerk of Court

MAR 0 4 2004

CLERK                                             DATE

/s/ Walter M. Tenorio

(BY) DEPUTY CLERK

ACKNOWLEDGED RECEIPT

By: Sandra Lynch
Date: 3/4/04

# UNITED STATES DISTRICT COURT

District of _Guam_

FELIPE DATUIN and JEFF GUMATATOTAO,

Plaintiffs,

**SUMMONS IN A CIVIL CASE**

V.

CIVIL CASE NO. **04-00010**

LSG Catering Service Holding AG, LSG Lufthansa Service [LSG] Guam, Inc, LSG Catering Guam, Inc., LSG Lufthansa Service USA Corporation, LSG Lufthansa Service [LSG] Asia, Ltd., LSG Lufthansa Service [LSG] Saipan, Inc., LSG Catering Saipan, Inc. LSG Sky Chefs, and DOES 1 through 20,

Defendants.

**TO:** (Name and address of Defendant)

LSG Sky Chefs
LSG Offices Tamuning

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address):

**SANDRA D. LYNCH, ESQ.**
**207 MARTYR STREET, SUITE 3**
**HAGATNA, GUAM 96910**

an answer to the complaint which is served on you with this summons, within 20 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

MARY L. M. MORAN
Clerk Of Court

CLERK

/s/ Walter M. Tenorio
(BY) DEPUTY CLERK

DATE  MAR 0 4 2004

ACKNOWLEDGED RECEIPT
By: _Sandra Lynch_
Date: 3/4/04

^A0440 (Rev. 8/01) Summons in t Civil Action

# UNITED STATES DISTRICT COURT

District of _Guam_

FELIPE DATUIN and JEFF GUMATATOTAO,

Plaintiffs,

V.

LSG Catering Service Holding AG, LSG Lufthansa
Service [LSG] Guam, Inc, LSG Catering Guam, Inc.,
LSG Lufthansa Service USA Corporation, LSG Lufthansa
Service [LSG] Asia, Ltd., LSG Lufthansa Service [LSG]
Saipan, Inc., LSG Catering Saipan, Inc. LSG Sky Chefs,
and DOES 1 through 20,

Defendants.

**SUMMONS IN A CIVIL CASE**

CIVIL CASE NO. **04-00010**

**TO:** (Name and address of Defendant)

LSG Catering Guam, Inc.

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address):

**SANDRA D. LYNCH, ESQ.**
**207 MARTYR STREET, SUITE 3**
**HAGATNA, GUAM 96910**

an answer to the complaint which is served on you with this summons, within 20 days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with
the Clerk of this Court within a reasonable period of time after service.

MARY L. M. MORAN
Clerk Of Court

CLERK

/s/ [illegible]

(BY) DEPUTY CLERK

MAR 04 2004

DATE

ACKNOWLEDGED RECEIPT
By: [signature]
Date: 3/4/04

# UNITED STATES DISTRICT COURT

District of __Guam__

FELIPE DATUIN and JEFF GUMATATOTAO,

Plaintiffs,

**SUMMONS IN A CIVIL CASE**

V.

CIVIL CASE NO. **04-00010**

LSG Catering Service Holding AG, LSG Lufthansa
Service [LSG] Guam, Inc, LSG Catering Guam, Inc.,
LSG Lufthansa Service USA Corporation, LSG Lufthansa
Service [LSG] Asia, Ltd., LSG Lufthansa Service [LSG]
Saipan, Inc., LSG Catering Saipan, Inc. LSG Sky Chefs,
and DOES 1 through 20,

Defendants.

**TO:** (Name and address of Defendant)

LSG Lufthansa Service Holding AG
Am Holzweg 26
65830 Kriftel
Germany

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address):

**SANDRA D. LYNCH, ESQ.
207 MARTYR STREET, SUITE 3
HAGATNA, GUAM 96910**

an answer to the complaint which is served on you with this summons, within 20 days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with
the Clerk of this Court within a reasonable period of time after service.

**MARY L. M. MORAN**
Clerk Of Court

MAR 0 4 2004

_____
CLERK

_____
DATE

/s/ Walter M. Tenorio
_____
(BY) DEPUTY CLERK

ACKNOWLEDGED RECEIPT

By: _Sandra Lynch_
Date: _3/4/54_