1 | **LIMTIACO CRUZ & SISON, PLLC**
Alicia A. Limtiaco, Esq.
2 | Donna M. Cruz, Esq.
**MVP Business Center**
3 | 777 Route 4, Suite 11B
Sinajana, Guam 96910
4 | Telephone: (671) 477-0000
Facsimile: (671) 477-0001
5 |
**SIDLEY AUSTIN BROWN & WOOD LLP**
6 | Peter I. Ostroff (SBN 045718)
Max C. Fischer (SBN 226003)
7 | 555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
8 | Telephone: (213) 896-6000
Facsimile: (213) 896-6600

## UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| FELIPE DATUIN, JEFF GUMATAOTAO and JAMES CRUZ, | ) ) | CIVIL CASE NO. 04-00010 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | **ANSWER** |
| LSG LUFTHANSA SERVICE GUAM, INC., et al. | ) ) ) ) | |
| Defendants. | ) ) | |

Defendants LSG Service Guam, Inc. and LSG Catering Guam, Inc. (collectively "LSG Guam") hereby answer Plaintiffs' Complaint[1] as follows:

     1.    **This is a suit in equity pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.;**

---

[1] LSG Guam has filed concurrently herewith a Motion to Dismiss that addresses all of Datuin's claims and Gumataotao's retaliation claim. To the extent that the Motion to Dismiss addresses an allegation of the Complaint, the allegation will not be addressed in the Answer. LSG Guam's inclusion of a response to any allegation herein is not intended to waive any part of its Motion to Dismiss.

1    **ANSWER**: LSG Guam admits that the Complaint purports to raise claims under

2    Title VII of the Civil Rights Act of 1964.

3    **2.    This Court has jurisdiction pursuant to 42 U.S.C. §2000e and
4    5(f), and 28 U.S.C. §1343(4), to secure the protection of and to redress
     deprivations of rights, and to provide relief against racial, religious, national
5    origin, and sex discrimination in employment;**

6    **ANSWER**: LSG Guam admits the allegations of paragraph 2.

7    **3.    The conditions precedent to jurisdiction under 42 U.S.C.
8    §2000-e5(f)(3) have been met since each Plaintiff filed charges of employment
     discrimination with the United States Equal Employment Opportunity
9    Commission within 180 days of the commission of the unfair employment
     practice and the EEOC issued a Right To Sue notification which was
10   received less than 90 days prior to the filing of this complaint;**

11   **ANSWER**: LSG Guam denies the allegations of paragraph 3.

12

13   **4.    Plaintiff, Felipe Datuin is a citizen of the United States and a
     Pacific Island resident in Guam, and is over forty (40) years of age;**

14   **ANSWER**: LSG Guam admits the allegations of paragraph 4.

15

16   **5.    Plaintiff Datuin was the Assistant Operations Manager for
     Defendants for over ten years.  During his employment Datuin reported to
     the Production Manager, Ricardo Gino Perez, and subsequently to the
17   Operations Manager, Kelvin Chan;**

18   **ANSWER**: LSG Guam admits the allegations of paragraph 5.

19

20   **6.    Plaintiff Jeff Gumataotao is a citizen of the United States and a
     Pacific Island resident in Guam;**

21   **ANSWER**: LSG Guam admits the allegations of paragraph 6.

22

23   **7.    Plaintiff Gumataotao was a Dispatcher for Defendants until
     June, 2003.  During his employment, he reported to the Operations Manager,
     Kelvin Chan;**
24

25   **ANSWER**: LSG Guam admits the allegations of paragraph 7.

26   **8.    Plaintiff James Cruz is a citizen of the United States and a
     Pacific Island resident in Guam;**
27

28   **ANSWER**: LSG Guam admits the allegations of paragraph 8.

-2-

9.     **Plaintiff Cruz was a Flight Coordinator for Defendants when he was terminated.  He reported to the Operations Manager, Kelvin Chan;**

**ANSWER**: LSG Guam admits the allegations of paragraph 9.

10.     **Defendant LSG Lufthansa Service Holding AG [hereinafter LSG Holding AG] is, upon information and belief a foreign Holding Company with its principal place of business in Germany;**

**ANSWER**: LSG Guam admits the allegations of paragraph 10.

11.     **Defendant LSG Lufthansa Service [LSG] Guam, Inc. [hereinafter LSG Guam] is, upon information and belief a corporation licensed to do business in Guam and is incorporated under the laws of Guam;**

**ANSWER**: LSG Guam admits the allegations of paragraph 11.

12.     **Defendant LSG Catering Guam, Inc., [hereinafter LSG Catering Guam] is, upon information and belief a corporation licensed to do business in Guam and is incorporated under the laws of Guam;**

**ANSWER**: LSG Guam admits the allegations of paragraph 12.

13.     **Defendant LSG Guam, is upon information and belief owned and operated by LSG Catering Guam;**

**ANSWER**: LSG Guam admits the allegations of paragraph 13.

14.     **Defendant LSG Lufthansa Service [LSG] Saipan, Inc. [hereinafter LSG Saipan] is, upon information and belief a corporation licensed to do business in Saipan, Commonwealth of the Northern Marianas Islands, and is incorporated under the laws of CNMI and Saipan;**

**ANSWER**: LSG Guam admits the allegations of paragraph 14.

15.     **Defendant LSG Catering Saipan, Inc., [hereinafter LSG Catering Saipan] is, upon information and belief a corporation licensed to do business in Saipan, CNMI and is incorporated under the laws of Saipan and the CNMI;**

**ANSWER**: LSG Guam admits the allegations of paragraph 15.

16.     **Defendant LSG Saipan, is, upon information and belief owned and operated by LSG Catering Saipan;**

**ANSWER**: LSG Guam denies the allegations of paragraph 16.

-3-

17. **Defendants LSG Catering Guam and LSG Catering Saipan, are, upon information and belief owned and operated by LSG Lufthansa Service USA Corporation, [hereinafter LSG USA] a corporation licensed to do business in the United States and incorporated under the laws of the United States;**

**ANSWER**: LSG Guam admits that LSG USA is a corporation licensed to do business in the United States and incorporated under the laws of the United States. LSG Guam denies any and all remaining allegations of paragraph 17.

18. **Defendant LSG Lufthansa Service [LSG] Asia, Ltd., [hereinafter LSG Asia] is upon information and belief the regional headquarters for LSG Guam, LSG Catering Guam, LSG Saipan and LSG Catering Saipan and has its principal place of business in Hong Kong;**

**ANSWER**: LSG Guam denies the allegations of paragraph 18.

19. **LSG Service Guam, LSG Catering Guam, LSG Saipan and LSG Catering Saipan are supervised and/or under report to LSG Service Asia, Ltd.;**

**ANSWER**: LSG Guam denies the allegations of paragraph 19.

20. **Defendant LSG Service Asia, Ltd. is, upon information and belief, owned and operated by LSG Holding AG and/or LSG USA;**

**ANSWER**: LSG Guam denies the allegations of paragraph 20.

21. **LSG Guam, LSG Catering Guam, LSG Saipan, and LSG Catering Saipan are also known as "LSG Sky Chefs," an wholly owned subsidiary or affiliate of LSG Holding AG;**

**ANSWER**: LSG Guam denies the allegations of paragraph 21.

22. **Defendant LSG Sky Chefs, upon information and belief, maintain their primary business office in the state of Texas, and are licensed or incorporated under the laws of the United States;**

**ANSWER**: LSG Guam disputes the assumptions and denies the allegations of paragraph 22.

23. **All LSG Defendants [collectively referred to hereinafter as LSG] are, upon information and belief, owned, operated, controlled and/or alter-egos, directly or indirectly, of LSG Lufthansa Service Holding AG Company of Germany [LSG Holding AG];**

-4-

1    **ANSWER**: LSG Guam denies the allegations of paragraph 23.

2

3    24.    **Because they are controlled directly and indirectly by LSG Holding AG, LSG Service Guam, LSG Catering Guam, LSG Service Saipan, and LSG Catering Saipan pay substantial amounts in earnings each year to LSG Holding AG Company, LSG Service USA, and/or LSG Service Asia, Ltd. under written or verbal management agreements;**

4

5    **ANSWER**: LSG Guam disputes the assumptions and denies the allegations of

6    paragraph 24.

7

8    25.    **In at least the year 2002 and 2003, no written amount was specified in the management agreement for payment to LSG entities from LSG Guam or LSG Saipan, but payments were made in amounts specified by LSG Holding AG, LSG USA, and/or LSG Asia, the parent and controlling companies of Guam and Saipan LSG entities;**

9

10

11   **ANSWER**: LSG Guam disputes the assumptions and denies the allegations of

12   paragraph 25.

13

14   26.    **The boards of directors for LSG Guam and LSG Saipan had no control or veto authority over the amounts of profits or earnings to be paid to LSG Holding AG, LSG USA, or LSG Asia under written or verbal management agreements because of the control exercised by LSG Holding AG, LSG USA and/or LSG Asia for the Guam and Saipan LSG entities;**

15

16   **ANSWER**: LSG Guam disputes the assumptions and denies the allegations of

17   paragraph 26.

18

19   27.    **LSG Service Guam, LSG Catering Guam, LSG Service Saipan, and LSG Catering Saipan hold and maintain corporate bank accounts in Guam and Saipan on behalf of LSG USA, LSG Holding AG and/or LSG Asia;**

20

21   **ANSWER**: LSG Guam denies the allegations of paragraph 27.

22

23   28.    **H.K. Cheung is or was the Executive Vice President of Administration and Finance for LSG Asia at all relevant times;**

24

25   **ANSWER**: LSG Guam admits the allegations of paragraph 28.

26   29.    **H.K. Cheung, as Executive Vice President, reported directly to LSG Holding AG, and/or LSG USA at all relevant times;**

27

28   **ANSWER**: LSG Guam denies the allegations of paragraph 27.

-5-

30.     **Fritz Pandalitschka is or was the General Manager or Director of Operations for LSG Guam and LSG Saipan and other Guam LSG entities at all relevant times;**

ANSWER: LSG Guam admits that Fritz Pandalitschka was the General Manager of LSG Guam and LSG Saipan.  LSG Guam denies any and all remaining allegations of paragraph 30.

31.     **Pandalitschka, as Manager or Director, reported directly to H.K. Cheung at all relevant times;**

ANSWER: LSG Guam denies the allegations of paragraph 31.

32.     **Kelvin Chan is a Chinese national who is or was employed as a manager of Customer Service and then as Operations Manager for LSG Guam and LSG Saipan, at all relevant times, and reported directly to Pandalitschka;**

ANSWER: LSG Guam admits the allegations of paragraph 32.

33.     **During the course of their employment, Plaintiffs came under the direct or indirect supervision of Cheung, Pandalitschka and Chan in differing capacities;**

ANSWER: LSG Guam is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 33 given the ambiguity of paragraph 33, and therefore denies the allegations of paragraph 33.

34.     **During the course of their employment, Plaintiffs were subjected to disparate treatment by Cheung, Pandalitschka and Chan, acting in the scope of their employment on behalf of Defendants LSG;**

ANSWER: LSG Guam denies the allegations of paragraph 34.

35.     **The disparate treatment suffered by Plaintiffs subjected them to differential terms and conditions of employment because of their race and national origin as Pacific Islanders, and in addition, as to Plaintiff Datuin, on account of his age;**

ANSWER: LSG Guam denies the allegations of paragraph 35.

36.     **The differential terms and conditions of employment to which Plaintiffs were subjected included harassment, excessive criticism, disparate working hours and disparate wages;**

ANSWER: LSG Guam denies the allegations of paragraph 36.

37.     The disparate treatment mentioned in the allegations of Paragraphs 34-36 above created a hostile work environment for the Plaintiffs;

ANSWER: LSG Guam denies the allegations of paragraph 37.


38.     As a result of the disparate treatment and hostile work environment, Plaintiffs complained and obtained no relief;

ANSWER: LSG Guam denies the allegations of paragraph 38.


39.     As a direct result of their complaints about the disparate treatment and hostile work environment, each of the Plaintiffs were subjected to retaliation by Defendants LSG;

ANSWER: LSG Guam denies the allegations of paragraph 39.


40.     Defendants LSG have exhibited, through their agents or assigns, and by their actions and inactions, patterns and practices of discrimination toward Pacific Islanders and of those persons over forty (40) years of age;

ANSWER: LSG Guam denies the allegations of paragraph 40.


41.     Defendants LSG have, through their agents or assigns, and by their actions and inactions, subjected Plaintiffs to unlawful discrimination in the terms and conditions of their employment;

ANSWER: LSG Guam denies the allegations of paragraph 41.


42.     Defendants LSG have, through their agents or assigns, and by their actions and inactions, condoned, accepted, authorized, implicitly or explicitly, the actions of discrimination, retaliation, disparate treatment, hostile work environment, harassment and other unlawful employment practices to which Plaintiffs were subjected in the terms and conditions of their employment;

ANSWER: LSG Guam denies the allegations of paragraph 42.


43.     The actions and inactions of Defendants LSG and each of them, affected the rights of Plaintiffs by depriving them of the equal employment opportunities under the law, because of racial and ethnic, or national origin discrimination;

ANSWER: LSG Guam denies the allegations of paragraph 43.


44.     Plaintiff Datuin worked for Defendant LSG for almost eleven years and was an Assistant Operations Manager in April, 2003;

-7-

**ANSWER**: This allegation and claim is the subject of LSG Guam's Motion to Dismiss filed concurrently herewith.

45. **Prior to April, 2003, Plaintiff Datuin had a perfect employment record with LSG Defendants;**

**ANSWER**: This allegation and claim is the subject of LSG Guam's Motion to Dismiss filed concurrently herewith.

46. **Plaintiff Datuin's job responsibilities did not include talking to the airlines for meal orders for flights catered by LSG Catering Guam, instead the responsibility for such orders was the Operations Manager's job;**

**ANSWER**: This allegation and claim is the subject of LSG Guam's Motion to Dismiss filed concurrently herewith.

47. **Plaintiff Datuin made known his support for other persons who have filed suit under Title VII of the Civil Rights Act, and a pretense was therefore needed for his termination, as no reasons existed at the time;**

**ANSWER**: This allegation and claim is the subject of LSG Guam's Motion to Dismiss filed concurrently herewith.

48. **On or about April, 2003, Pandalitschka devised a pretense to terminate Plaintiff because of his age, because of his national origin, and in retaliation;**

**ANSWER**: This allegation and claim is the subject of LSG Guam's Motion to Dismiss filed concurrently herewith.

49. **On other occasions, Plaintiff complained about the disparate treatment he and other Pacific Islanders received from Chan, who had been promoted to Operations Manager, but their complaints were not acted on by Defendants or their agents;**

**ANSWER**: This allegation and claim is the subject of LSG Guam's Motion to Dismiss filed concurrently herewith.

50. **On or about April, 2003, when a meal was missing from a flight, instead of blaming the Operations Manager, Chan, Pandalitschka blamed Datuin;**

1    **ANSWER**: This allegation and claim is the subject of LSG Guam's Motion to

2    Dismiss filed concurrently herewith.

3

4    51.    **As a result of the unreasonable and discriminatory actions of Chan and Pandalitschka, Plaintiff Datuin was wrongfully terminated;**

5    **ANSWER**: This allegation and claim is the subject of LSG Guam's Motion to

6    Dismiss filed concurrently herewith.

7

8    52.    **Other persons who have the responsibility for missing and replacing meals, such as Chan, who is a Chinese National and in the favor of Pandalitschka, have not been terminated for similar problems with meals on flights;**

9

10   **ANSWER**: This allegation and claim is the subject of LSG Guam's Motion to

11   Dismiss filed concurrently herewith.

12

13   53.    **Defendants LSG have replaced Plaintiff Datuin with younger persons;**

14   **ANSWER**: This allegation and claim is the subject of LSG Guam's Motion to

15   Dismiss filed concurrently herewith.

16

17   54.    **Defendants LSG discriminated against Plaintiff Datuin, by treating him differently than younger persons, by treating him differently than persons not of Pacific Island origin, and by creating a hostile work environment after he complained about Chan;**

18

19   **ANSWER**: This allegation and claim is the subject of LSG Guam's Motion to

20   Dismiss filed concurrently herewith.

21

22   55.    **As a result of the unlawful employment practices to which Plaintiff Datuin was subjected, he suffered damages, including lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorneys fees, in amounts which will be proved at trial;**

23

24   **ANSWER**: This allegation and claim is the subject of LSG Guam's Motion to

25   Dismiss filed concurrently herewith.

26

27   56.    **Plaintiff Gumataotao is a Pacific Islander who was hired to work as a dispatcher for Defendants LSG;**

28

-9-

**ANSWER**: LSG Guam admits the allegations of paragraph 56.

57. **On or about June 26, 2003, Plaintiff Gumataotao was wrongfully terminated from his employment;**

**ANSWER**: LSG Guam admits that Gumataotao was terminated on or about June 26, 2003. LSG Guam denies any and all remaining allegations of paragraph 57.

58. **On or about April, 2003, Plaintiff was given a warning letter and a three day suspension for a delay in a flight caused by a change in the flight schedule and through no fault of his own. As a result of the change in the schedule, neither Gumataotao nor his supervisor were informed prior to their shift. As a result of the change, meals for a flight leaving after his shift ended were missing. The issue of the missing meals had been appropriately turned over to the Plaintiff's relief worker for the next shift, and the airline representative in charge of the meals was coordinating with the kitchen supervisor;**

**ANSWER**: LSG Guam admits that in April 2003, Gumataotao was given a warning letter and a three-day suspension. LSG Guam denies any and all remaining allegations of paragraph 58.

59. **Despite that Plaintiff Gumataotao had no responsibility for either the delay or the additional meals, Plaintiff was singled out for discipline;**

**ANSWER**: LSG Guam denies the allegations of paragraph 59.

60. **Other persons who were directly or indirectly responsible for missing meals or delayed flights were not disciplined, or were disciplined less severely;**

**ANSWER**: LSG Guam denies the allegations of paragraph 60.

61. **Plaintiff Gumataotao made known his support for other persons who have filed suit under Title VII of the Civil Rights Act, and a pretense was therefore needed for his termination, as no reasons existed at the time;**

**ANSWER**: This allegation and claim is the subject of LSG Guam's Motion to Dismiss filed concurrently herewith.

62. **Beginning in April and continuing through June, 2003, Defendants LSG devised a pretense to terminate Plaintiff because of his national origin, and in retaliation;**

-10-

**ANSWER**: This allegation and claim is the subject of LSG Guam's Motion to Dismiss filed concurrently herewith.

63. **On other occasions, Plaintiff complained about the disparate treatment he and other Pacific Islanders received from Chan, who had been promoted to Operations Manager, but their complaints were not acted on by Defendants or their agents,**

**ANSWER**: This allegation and claim is the subject of LSG Guam's Motion to Dismiss filed concurrently herewith.

64. **As a result of the unreasonable and discriminatory actions of Defendants LSG and their agents, Plaintiff Gumataotao was wrongfully terminated;**

**ANSWER**: LSG Guam denies the allegations of paragraph 64.

65. **Defendants LSG discriminated against Plaintiff Gumataotao, by treating him differently than persons not of Pacific Island origin, and by creating a hostile work environment after he complained about Chan;**

**ANSWER**: LSG Guam denies the allegations of paragraph 65.

66. **As a result of the unlawful employment practices to which Plaintiff Gumataotao was subjected, he suffered damages, including lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorneys fees, in amounts which will be proved at trial;**

**ANSWER**: LSG Guam denies the allegations of paragraph 66.

67. **Plaintiff Cruz was hired in 2000 to work for LSG Defendants and was a flight coordinator in July, 2003 when he was terminated;**

**ANSWER**: LSG Guam admit the allegations of paragraph 67.

68. **Prior to his termination, Cruz had been required to take three days off each month without pay, despite that others, who were not Pacific Islanders, did not have to forfeit pay or reduce their work hours;**

**ANSWER**: LSG Guam denies the allegations of paragraph 68.

69. **Prior to his termination, Cruz worked overtime hours but was not paid overtime, in violation of Equal Pay laws, and Fair Wage Standard laws of the United States;**

**ANSWER**: LSG Guam denies the allegations of paragraph 69.

70.     Prior to his termination, Cruz complained about the disparate treatment he was receiving in the areas of wages, overtime and work hours, including that he was doing a flight line supervisor job but without the pay attendant to that position;

**ANSWER**: LSG Guam denies the allegations of paragraph 70.

71.     Prior to his termination, Cruz complained that his wife was being sexually harassed by persons acting as agents of Defendants LSG;

**ANSWER**: LSG Guam is without sufficient knowledge to form a belief as to the truth or falsity of the allegations of paragraph 71, and therefore denies the same.

72.     Prior to his termination, Cruz complained to Kelvin Chan about ramp safety and his areas of concern, but no action was taken;

**ANSWER**: LSG Guam denies the allegations of paragraph 72.

73.     Prior to his termination, Cruz made known his support for other persons who have filed suit under Title VII of the Civil Rights Act, and a pretense was therefore needed for his termination, as no reasons existed at the time;

**ANSWER**: LSG Guam denies the allegations of paragraph 73.

74.     Beginning in May, 2003 and continuing through the date of his termination, Defendants LSG devised a pretense to terminate Plaintiff because of his national origin, and in retaliation for his complaints;

**ANSWER**: LSG Guam denies the allegations of paragraph 74.

75.     On other occasions, Plaintiff complained about the disparate treatment he and other Pacific Islanders received from Chan, who had been promoted to Operations Manager, but their complaints were not acted on by Defendants or their agents,

**ANSWER**: LSG Guam denies the allegations of paragraph 75.

76.     As a result of the unreasonable and discriminatory actions of Defendants LSG and their agents, Plaintiff Cruz was wrongfully terminated;

**ANSWER**: LSG Guam denies the allegations of paragraph 76.

77. **Defendants LSG discriminated against Plaintiff Cruz, by treating him differently than persons not of Pacific Island origin, and by creating a hostile work environment after he complained about Chan;**

**ANSWER**: LSG Guam denies the allegations of paragraph 77.

78. **Plaintiff was terminated allegedly because he failed to fill out a form for a flight which was the responsibility of a flight line supervisor, and not his responsibility;**

**ANSWER**: LSG Guam admits that part of the reason that Cruz was termination concerned his failure to fill out a form for a flight. LSG denies any and all remaining allegations of paragraph 78.

79. **As a result of the unlawful employment practices to which Plaintiff Cruz was subjected, he suffered damages, including lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorneys fees, in amounts which will be proved at trial;**

**ANSWER**: LSG Guam denies the allegations of paragraph 79.

80. **Instead of investigating the complaints made by Plaintiffs, Defendants LSG and or their agents and assigns, retaliated against Plaintiffs and each of them, by wrongfully terminating them;**

**ANSWER**: LSG Guam denies the allegations of paragraph 80.

81. **The actions by Cheung, Pandalitschka and others were condoned, approved, or authorized by Cheung, LSG Holding AG, and or other LSG Defendants;**

**ANSWER**: LSG Guam denies the allegations of paragraph 81.

82. **At all times relevant hereto, Plaintiffs performed their job duties and responsibilities and carried out the obligations of their employment;**

**ANSWER**: LSG Guam denies the allegations of paragraph 82.

83. **The actions by Defendants LSG violated the employment rights of Plaintiffs and denied them the benefits of their employment to which they were entitled;**

**ANSWER**: LSG Guam denies the allegations of paragraph 83.

84. The actions by Defendants LSG were retaliatory in nature, and discriminatory as they applied to each of the Plaintiffs;

**ANSWER**: LSG Guam denies the allegations of paragraph 84.

85. The actions by Defendants form a continued pattern and practice of discrimination in employment for those of Pacific Island origin;

**ANSWER**: LSG Guam denies the allegations of paragraph 85.

86. As a direct result of the unlawful actions, discrimination, harassment, and differential and disparate treatment to which Plaintiffs were subjected by Defendants LSG, Plaintiffs have suffered damages to be proven at trial;

**ANSWER**: LSG Guam denies the allegations of paragraph 86.

**WHEREFORE**, Defendants LSG Service Guam, Inc. and LSG Catering Guam, Inc., respectfully request entry of judgment in their favor.

## AFFIRMATIVE DEFENSES

1. Plaintiffs failed to take reasonable measures to mitigate any asserted damages.

2. Any claims relating to allegedly discriminatory acts that did not occur within the applicable time period prior to the commencement of this action are time barred under the applicable statutes of limitations.

3. Defendants exercised reasonable care to prevent and correct promptly any discriminatory acts or harassing behavior, and Plaintiffs has unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants.

4. Any claims relating to allegedly discriminatory acts that were not the subject of a properly filed and sworn administrative complaint are barred for Plaintiffs' failure to exhaust administrative remedies as required by law.

5. Plaintiffs' claims are barred by the equitable doctrine of laches.

-14-

6.   Defendants are not responsible for any loss or damages, if any, that Plaintiffs suffered where Plaintiffs' own actions or inactions caused or were contributing factors to such loss or damages.

7.   All of Defendants' actions were taken for legitimate, non-discriminatory, and non-retaliatory reasons.

8.   All of Defendants' employment decisions would have been the same regardless of any alleged discriminatory motive.

Dated:  April 9, 2004                                    LIMTIACO CRUZ & SISON, PLLC


By: _____
    FOR   ALICIA A. LIMTIACO,
          Counsel For Defendants LSG Lufthansa
          Service Guam, Inc. and LSG Lufthansa
          Catering Guam, Inc.

U:\Legal Files\Master Client Files\LSG\EEOC - Datuin\Answer to Datuin Complaint1.DOC

-15-