LIMTIACO CRUZ & SISON, PLLC
Alicia A. Limtiaco, Esq.
Donna M. Cruz, Esq.
MVP Business Center
777 Route 4, Suite 11B
Sinajana, Guam 96910
Telephone: (671) 477-0000
Facsimile: (671) 477-0001

SIDLEY AUSTIN BROWN & WOOD LLP
Peter I. Ostroff (SBN 045718)
Max C. Fischer (SBN 226003)
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

FILED
DISTRICT COURT OF GUAM
APR 09 2004
MARY L. M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | |
|---|---|
| FELIPE DATUIN, JEFF GUMATAOTAO and JAMES CRUZ,<br><br>    Plaintiffs,<br><br>vs.<br><br>LSG LUFTHANSA SERVICE GUAM, INC., et al.<br><br>    Defendants. | CIVIL CASE NO. 04-00010<br><br>**MOTION TO DISMISS** |

Defendants LSG Guam Service, Inc. and LSG Guam Catering, Inc. (collectively "LSG Guam") hereby submit, pursuant to Federal Rule of Civil Procedure 12(b), the following Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted.

**ORIGINAL**

## INTRODUCTION

Plaintiffs Felipe Datuin ("Datuin), Jeff Gumataotao ("Gumataotao"), and James Cruz ("Cruz") (collectively "Plaintiffs") filed a five-count complaint ("Complaint") against LSG Guam and other defendants[1] all arising under 42 U.S.C. § 2000e-5 ("Title VII").

As discussed below, all claims by Datuin must be dismissed because he failed to file his Charge of Discrimination ("Charge") with the EEOC within 180 days of the last discriminatory act, in this case, his termination. Moreover, Gumataotao's claim of retaliation must be dismissed because it was not raised with the EEOC and did not arise out of the same allegations contained in his EEOC Charge.

## ARGUMENT

### I. I. DATUIN'S CLAIMS ARE UNTIMELY BECAUSE HE FAILED TO FILE A CHARGE WITH THE EEOC WITHIN 180 DAYS.

Title VII requires allegedly aggrieved persons to file a Charge with the EEOC within 180 days of the date of discrimination. 42 U.S.C. § 2000e5(e). Failure to do so requires the dismissal of any lawsuit later premised on such an untimely Charge. *See National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 113-14 (2002) (discrete acts, such as termination, are not actionable under Title VII if underlying charge is filed more than 180 days after such discrete act).

In Datuin's Charge, he complains that he was terminated for unlawful reasons in "late April 2003." *See* Charge of Discrimination of Datuin, attached hereto as Ex. A at 3-4 (pages 1-2 of Datuin's declaration). Using April 30, 2003 (the last day Datuin could be alleging to have been terminated), Datuin would have had 180 days, namely until October 27, 2003, to file a Charge of

---

[1] As of the date of this pleading, to LSG Guam's knowledge, only LSG Service Guam, Inc. and LSG Catering Guam, Inc. have been served.

Discrimination. Datuin, however, filed his Charge on November 18, 2003, or nearly 22 days beyond the deadline.[2] Ex. A at 1 (Notice of Charge). Consequently, under the express language of Title VII, itself, Datuin's allegations are untimely and must be dismissed. *Accord Morgan, supra* (reversing Ninth Circuit and holding that discrete acts falling outside limitations period were not actionable and required dismissal).

## II. II. GUMATAOTAO'S CLAIM OF RETALIATION IS BARRED BECAUSE HE DID NOT INCLUDE IT IN HIS EEOC CHARGE AND, THUS, FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES WITH RESPECT TO THAT CLAIM.

It is also well-established that a Title VII plaintiff must exhaust his administrative remedies with the EEOC and may only bring those claims he raised in his EEOC Charge. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 644-45 (9th Cir. 2004).[3] It is readily apparent that Gumataotao's Charge and accompanying declaration contain no allegations of retaliation. In fact, he fails to allege that he made any complaint to anyone whatsoever. Notwithstanding his failure to do so, his complaint now states "Plaintiff complained about disparate treatment he and other Pacific Islanders received from Chan . . ." Compl. ¶ 63. Nonetheless, his failure to deem it worthy of mention in his EEOC Charge precludes him from bringing a retaliation claim now. *Accord Vasquez*, 349 F.3d at 645 (holding that plaintiff's failure to present retaliation theory before EEOC, let alone raise facts that would have led the EEOC to investigate retaliation, barred claim in subsequent Title VII lawsuit). Accordingly, Gumataotao's claim for retaliation must be dismissed as well.

---

[2] Though it is of no legal significance, it appears as though the EEOC received Datuin's declaration in support of his Charge on November 13, 2003 and that Datuin signed his declaration on November 7, 2003. Ex. A at 3, 5 (EEOC "Received" stamp, signature page of declaration). Even if these dates had relevance, both are still well-beyond the October 27, 2003 deadline.

[3] The Ninth Circuit in Vasquez, construed the issue of whether a claim in a Title VII lawsuit was raised in a prior EEOC Charge to be one of subject matter jurisdiction. If, in fact, the Court agrees that the issue is properly deemed one of subject matter jurisdiction, LSG Guam respectfully request that the Court construe the present motion to seek relief under Rule 12(b)(1) as well.

# CONCLUSION

Based on the foregoing, Defendants LSG Service Guam, Inc. and LSG Catering Guam, Inc., respectfully request that the Court grant its Motion to Dismiss.

Dated: April 9, 2004                    LIMTIACO CRUZ & SISON, PLLC


By: _____
FOR  ALICIA A. LIMTIACO,
Counsel For Defendants LSG Lufthansa
Service Guam, Inc. and LSG Lufthansa
Catering Guam, Inc.

U:\Legal Files\Master Client Files\LSG\EEOC - Datuin\Motion to Dismiss (AAL-Final 4.9.04).DOC

- 4 -

EEOC FORM 131 (5/01)     **U. S. Equal Employment Opportunity Commission**

|  |  |
|---|---|
| Mr. Fritz Pandalitschka<br>Director of Operations<br>LUTHANSA LSG<br>P.O. Box 6712<br>Guerrero St Harmon Indus. Park<br>Harmon, GU 96913 | **PERSON FILING CHARGE**<br><br>**Felipe Datuin**<br><br>THIS PERSON *(check one or both)*<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>**EEOC CHARGE NO.**<br>**378-2004-00061** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[ ] Title VII of the Civil Rights Act      [ ] The Americans with Disabilities Act

[X] The Age Discrimination in Employment Act      [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by _____ a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by _____ to _____
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

**Emily Mauga**
*EEOC Representative*
Telephone: **(808) 541-3120**

**Honolulu Local Office**
**300 Ala Moana Blvd**
**Room 7-127**
**Honolulu, HI 96850**

Enclosure(s): [X] Copy of Charge

---

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**

[ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN   [X] AGE   [ ] DISABILITY   [ ] RETALIATION   [ ] OTHER

**See enclosed copy of charge of discrimination.**

## Exhibit "A"

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| Nov 18, 2003 | Timothy A. Riera,<br>Honolulu Local Office Director | *[signature]* |

Enclosure with EEOC
Form 131 (5/01)

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14 Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

United States Equal Employment Opportunity Commission

Declaration of Felipe Datuin

Charging Party Information

Felipe Datuin
c/o 251 Martyr St., Suite 101
Agana, Guam 96910

| | |
|---|---|
| Date of birth: | 1/12/62 |
| Social Security No. | 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 |
| Race, national origin: | Chamorro/ Pacific Islander |
| Sex: | Male |

Contact Person:   Sandra D. Lynch
207 Martyr Street, Ste. 3
Hagatna GU 96910
Phone: (671) 472-8889
Fax:   (671) 472-8890

Position or Title:   Assistant Operations Manager
Name of Immediate Supervisor:   Kelvin Chan

Respondent Information (Employer)

Luthansa LSG
PO Box 6712
Guerrero Street, Harmon Industrial Park
Harmon, GU 96913
Phone: (671) 646-5868

Approximately 200 employees

Contact Person:   Fritz Pandalitschka, Director of Operations    215
Guerrero Street
Harmon Industrial Park
Harmon, GU 96913
Phone: (671) 646-5868

RECEIVED NOV 1 3 2003 EEOC HLO

Statement:

I worked for LSG for almost eleven years. I was fired for "economic reasons" in late

April, 2003. I was the Assistant Operations Manager, reporting to Kelvin Chan, the Operations Manager, who was my immediate supervisor. My position previously reported to the Production manager, who only a short time before was Gino Perez.

I had a conflict with the General Manger, Mr. Pandalitchka one day when a child's meal was missing from a business class flight. The meal was for economy class. I was told to "get it together," and Mr. Pandalitchka told me I had twenty minutes to "fix it." Mr. Kelvin Chan is the person in charge of talking to the airlines to make the orders, my job was to merely follow up. On the day in question, there had been no orders to Mr. Chan. Before this time, I had a perfect personnel record.

Instead of blaming his personal assistant, who is Chinese, Mr. Pandalitchska blamed me.

I was given a letter stating I was being terminated, but I was told that I was being laid off, and that I could come back if there was an opening. I was told I could resign instead of being laid off. I signed a Waiver because I was told that I had to in order to be processed for my last paycheck.

I believe I was singled out after I supported Gino Perez and Michelle Ramos. I was friendly with them, and after they made their complaints known, I was fired. I was given no severance package despite my years with the company. Fritz Pandalitschka fired me instead of blaming the Operations Manager, Mr. Chan, whose job it was to order the correct meal.

I feel I was retaliated against because of my support for Ms. Ramos and Mr. Perez and that I complained about what I believed was disparate treatment of Pacific Islanders, including myself. I feel the problem with the meal was a mere effort to find something to use against me, since there was obviously no other reason. It was therefore a pretext for terminating me.

It is my understanding that Mr. Chan answers directly to Mr. Pandalitchska, who is the General manager. Mr. Pandalitchska answers to Hong Kong, to Mr. H.K. Cheung, who answers to Luthansa in Germany. Mr. Pandalitchska and Mr. Cheung are hired from the corporate offices, not by anyone with any authority in Guam or Saipan or even Hong Kong.

LSG has been discriminating against anyone who is friends with Mr. Perez and Ms. Ramos who have complained, and anyone who complains about Mr. Chan and his treatment of Pacific Islanders, and I feel it is their practice to allow Guam and Saipan to carry on this type of treatment so long as it furthers their business, without any attention to how disparately people are treated here.

I feel that I was also discriminated against because of my age. I am older than many of the other employees, and had been with LSG several years. I had experience with other managers and LSG did not always treat people disparately or in a discriminatory manner until Mr. Pandalitchska came in. I was 41 when I was fired. Younger men have taken my place since I left,

despite that I was told that the company was in financial trouble and had to lay me off.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

_11/7/03_
Date

_[signature]_
Signature