1  **SANDRA D. LYNCH, ESQ., P.C.**
   Travel Pacificana Building, Suite 3
2  207 MARTYR STREET
   HAGÅTÑA, GUAM 96910
3  Telephone: (671) 472-8889
   Fax: (671) 472-8890
4  E-Mail: sdlynch@ite.net

5  *Attorney for Felipe Datuin, James Cruz, and
   Jeff Gumataotao*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| FELIPE DATUIN, et al., ) | Civil Case No. 04-00010 |
| Plaintiffs, ) | |
| vs. ) | **MOTION FOR LEAVE OF COURT TO FILE OPPOSITION TO MOTION TO DISMISS** |
| LSG Lufthansa Service Holding AG, et al., ) | |
| Defendants. ) | |

Come now the Plaintiffs, Felipe Datuin and Jeff Gumataotao, by and through their counsel of record, and herein request leave of court to file a response to Defendant's Motion to Dismiss.

This Motion is more fully supported by the following Memorandum of Law.

### MEMORANDUM OF LAW

Defendants filed a Motion to Dismiss under Fed.R.Civ.Pro. 12(b). Defendants have now moved for a default judgment pursuant to Local Rule 7. Plaintiffs request Leave of Court to file their Opposition to the Motion to Dismiss. A copy of the proposed Opposition is attached as Exhibit A. Defendants will not suffer prejudice by having the Motion decided on its merits, since only a short time has passed since its filing, and since discovery has not yet been initiated and the trial is over a year away.

This Court has reiterated that the Rule 12(b)6 Motion to Dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Ramos et al. v. LSG et al.*, Civil Case No. 03-00028 [Order filed November 18, 2003], at p. 7, citing *Mackey v. United States*, No. CV 91-4761 JGD, 1991 U.S. Dist. LEXIS 18258, at 3 (C.D. Cal. Nov. 26, 1991). [other citations omitted].) Moreover, default Judgments are generally disfavored, and cases should be decided on their merits. *Schwab v. Bullock's Inc.*, 508 F.2d. 353 (9th Cir. 1974).

In this case, there have been extenuating circumstances which led to the inadvertent failure to file a timely response to the Motion to Dismiss, not the least of which was counsel's illness and absence from Guam at the time the Motion was filed. Plaintiffs' claims have merit, and the Motion to Dismiss for failure to state a claim would otherwise fail. The basis of the Motion against Datuin was that he had not exhausted his administrative remedies, since the EEOC documents received by Defendants appeared to be untimely. As indicated in the attached Opposition and its exhibits, this is simply not true. As to Gumataotao, the Defendants claim that he failed to raise retaliation in his complaint to the EEOC. Defendants are wrong in this regard as well.

Dismissal of the claims of Felipe Datuin is an extreme sanction. The Ninth Circuit has said that consideration of less severe penalties [than dismissal and striking of the answer] must be a reasonable explanation of possible and meaningful alternatives. *Anderson v. Air West, Inc..*, 542 F.2d 522, 525 (9th Cir. 1976). In *Anderson* there was a "failure to prosecute" plaintiff's complaint, and the case was dismissed. The "substantial prejudice" resulted to defendants from a delay in service of over one year. The Court went on, at page 524, to say, "*However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered. . .*" in determining whether the trial court abused its discretion in dismissing the complaint.

In this case, Defendants can show no prejudice or delay in resolution of this case, which is in its early stages.


*Datuin et al. v. LSG et al.*
CIV Case No. 04-00010
*Plaintiffs' Motion for Leave of Court To File Opposition to Motion to Dismiss*
-2-

## CONCLUSION

The Courts generally disfavor dismissal and instead prefer determination of a cause on its merits. In this case, inadvertence caused a slight delay, which in no way prejudices the Defendants. Moreover, the basis of Defendants' Motion to Dismiss for failure to state a cause of action are patently false. For these reasons, Plaintiffs request Leave of Court to file their Opposition to the Motion to Dismiss so that the matter may proceed on its merits.

Respectfully submitted this 17th day of June, 2004.

LAW OFFICE OF SANDRA D. LYNCH, P.C.

By: _____
Sandra D. Lynch, Esq.
Attorney for Plaintiffs

### Certificate of Service

I hereby certify that a copy of the foregoing Motion for Leave of Court to File Opposition to Motion to Dismiss was sent by fax and by hand delivery to counsel for the Defendants at Limtiaco Cruz & Sison PLLC, 777 Route 4, MVP Business Center, Sinajana, Guam 96910 on this 17th day of June, 2004.

_____
Sandra D. Lynch, Esq.

*Datuin et al. v. LSG et al.*
CIV Case No. 04-00010
*Plaintiffs' Motion for Leave of Court To File Opposition to Motion to Dismiss*
-3-