SANDRA D. LYNCH, ESQ., P.C.
Travel Pacificana Building, Suite 3
207 MARTYR STREET
HAGÅTÑA, GUAM 96910
Telephone: (671) 472-8889
Fax: (671) 472-8890
E-Mail: sdlynch@ite.net

*Attorney for Felipe Datuin, James Cruz, and Jeff Gumataotao*

FILED
DISTRICT COURT OF GUAM
JUN 17 2004
MARY L. M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| FELIPE DATUIN, et al., ) | Civil Case No. 04-00010 |
| Plaintiffs, ) | |
| vs. ) | |
| ) | **PLAINTIFFS'** |
| LSG Lufthansa Service Holding AG, ) | **OPPOSITION TO** |
| et al., ) | **MOTION TO DISMISS** |
| Defendants. ) | |

Come now the Plaintiffs, Felipe Datuin and Jeff Gumataotao, by and through their counsel of record, and herein Oppose Defendant's Motion to Dismiss.

This Opposition is more fully supported by the following Memorandum of Law.

## MEMORANDUM OF LAW

Defendants filed a Motion to Dismiss under Fed.R.Civ.Pro. 12(b). This Court has reiterated that the Rule 12(b)6 Motion to Dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Ramos et al. v. LSG et al.*, Civil Case No. 03-00028 [Order filed November 18, 2003], at p. 7, citing *Mackey v. United States*, No. CV 91-4761 JGD, 1991 U.S. Dist. LEXIS 18258, at 3 (C.D. Cal. Nov. 26, 1991). [other citations omitted].) Moreover, default Judgments are generally disfavored, and cases should be decided on their merits. *Schwab v. Bullock's Inc.*, 508

F.2d. 353 (9th Cir. 1974).

When considering a motion to dismiss a complaint for failure to state a claim under Rule 12(b)(6), this Court must "accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them. Dismissal under Rule 12(b)(6) ... is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved." *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990) (citing *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988)); see *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). For this reason, district courts strongly disfavor Rule 12(b)(6) motions. *Melo-Sonics Corp. v. Cropp*, 342 F.2d 856 (3d Cir.1965); *Kuromiya v. United States,* 37 F.Supp.2d 717, 722 (E.D.Pa.1999).

### I. Plaintiff Datuin's Claim To EEOC Was Timely And Therefore Should Not Be Dismissed.

Defendants claim that Plaintiff Felipe Datuin's notice and claims to the EEOC were not made within 180 days of his termination. In fact, the Defendants are wrong. While it is true that the EEOC's "official" notification, which they requested be revised, was not date stamped until November, 2003, Datuin's notice to the EEOC was sent to EEOC on July 29, 2003, and again on October 10, 2003. [See attached.]

The EEOC first received notice of Datuin's claim of discrimination as early as July, 2003. The EEOC requested format changes, and other correspondence followed. On October 10, 2003, EEOC received one version of their "form" Certification of Charge from counsel for Datuin. [See attached]. Datuin requested a "Right to Sue" letter be issued to him both in July and again in October. In fact, in the interim, EEOC and counsel were in telephone contact and "Right To Sue" notices were requested on each occasion. [See Declaration of Counsel.] Regardless of the final format requested by the EEOC, they received adequate notice of the claims by Datuin and the other Plaintiffs herein in a timely manner. The "format" request does not defeat the date upon which the EEOC was first notified and became aware of the complaints.

Defendants claim that the last day for Datuin to have notified EEOC of his claims was

-2-

October 28. Since he notified the EEOC in July, his claims are timely. The Court is therefore requested to deny the Motion to Dismiss for Datuin's failure to exhaust his administrative remedies.

### II  Plaintiff Gumataotao's EEOC Claim of Retaliation Is Reasonably Related To His EEOC Charge Such That The Court May Construe His Complaint Liberally.

Defendants claim that Jeff Gumataotao failed to raise a retaliation claim in his EEOC charge, and therefore his complaint for retaliation must be dismissed. Plaintiff opposes such dismissal. In his statement to the EEOC, Gumataotao stated, *"The company had attempted to fire me earlier in the year, in April, 2003. I was given a warning letter and a five day suspension."* He also said, *"I feel I was discriminated against because of my race, my national origin [Pacific Islander] and because I was friends with people who made complaints."* The Court may liberally construe his statements as claiming that his termination was motivated in part by his support of others who opposed discrimination, and his challenge to the company's wrongful suspension of a month earlier, as could have the EEOC.

As it stated in its November 19, 2003 ORDER in a companion case, *Michelle Ramos et al., v. LSG Lufthansa et al.*, Case No. CIV 03-00028,

> ...[T]he Court may still entertain claims that were omitted from the EEOC charge if they are "like or reasonably related" to the contents of the plaintiff's underlying EEOC charge. [citations omitted.]

When considering a Rule 12(b)(1) motion, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. *Brittain v. Provost*, CV 97-2089 ABC, 1997 U.S. Dist. LEXIS 16078 (C.D. Cal. June 16, 1997). Taken liberally, the statements made by Gumataotao to the EEOC show that he claimed retaliation on not one, but two grounds, his obvious support of employees challenging alleged discriminatory practices of LSG, and his challenge to an earlier attempt to fire him.

*Datuin et al. v. LSG et al.*
CIV Case No. 04-00010
*Plaintiffs' Opposition to Defendants' Motion to Dismiss*
-3-

A court will only dismiss a complaint if " 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *H.J. Inc.*, 492 U.S. at 249-50, 109 S.Ct. 2893 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)); *Neitzke v. Williams*, 490 U.S. 319, 326-327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)

Gumataotao's relatiation complaint must stand.

### III. The Defendants' Motion to Dismiss In Effect Requests Summary Judgment.

A defendant may, in response to an initial pleading, file a motion to dismiss the complaint for lack of jurisdiction over subject matter and for failure to state a claim upon which relief can be granted. See ed.R.Civ.P. 12(b)(1) and 12(b)(6). However, a decision to dismiss for failure to state a claim is in effect a request for Summary Judgment. Summary judgment is not appropriate when addressing issue of motion to dismiss for lack of subject matter jurisdiction, because summary judgment mechanism requires disposition of the case on the merits. Rules Civ.Proc.Rule 12(b)(1), 28 U.S.C.A.

The Defendants filed a Motion pursuant to "12(b)" without indicating whether the Motion was under subsection (1) or (6). When faced with a motion to dismiss under both, 12(b)(1) and 12(b)(6), "a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first." *Northeast Erectors Asso. v. Secretary of Labor*, 62 F.3d 37, 39 (1st Cir.1995) (*citing Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946)). Therefore "[a]s a general matter, trial courts should give Rule 12(b)(1) precedence." *Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 37 (1st Cir.2000). It is not simply formalistic to decide the jurisdictional issue.

Summary judgment is not appropriate when addressing issue of motion to dismiss for lack of subject matter jurisdiction, because summary judgment mechanism requires disposition of the case on the merits. Rules Civ.Proc.Rule 12(b)(1).

Different consequences flow from dismissals under 12(b)(1) and 12(b)(6); for example, dismissal under the former, not being on the merits, is without res judicata effect." *Northeast*

*Datuin et al. v. LSG et al.*
*CIV Case No. 04-00010*
*Plaintiffs' Opposition to Defendants' Motion to Dismiss*
-4-

*Erectors Asso. v. Secretary of Labor*, 62 F.3d 37, 39 (1st Cir.1995).

If the Court determines that subject matter jurisdiction does not exist it must dismiss the case and not make any determination on the merits of the case. *See Menendez v. United States*, 67 F.Supp.2d 42, 45 (D.P.R.1999). The basic difference among the various 12(b) motions is, of course, that 12(b)(6) alone necessitates a ruling on the merits of the claim, the others deal with procedural defects.

As with Rule 12(b)(6) motions, when considering a motion to dismiss under Fed.R.Civ.P. 12(b)(1) "the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir.1996) (*citing Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.1995)); *see also Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Further, summary judgement is not appropriate when addressing the issue of subject matter jurisdiction under Rule 12(b)(1), because said mechanism requires disposition of the case **on the merits.** *See Rivera v. Reno*, 178 F.Supp.2d 78 (D.P.R.2001) (citing *MacKay v. Pfeil*, 827 F.2d 540, 543 (9th Cir.1987)). Expressed alternately, using summary judgement would be the equivalent of absurdly stating that the plaintiff may lose the case on the merits simply because the court does not have jurisdiction. *See Winslow v. Walters*, 815 F.2d 1114, 1116 (7th Cir.1987). Moreover, "when a federal court concludes that it lacks subject matter jurisdiction over a case, it is precluded from rendering any judgment on the merits of the case." *Christopher v. Stanley- Bostitch, Inc.*, 240 F.3d 95, 100 (1st Cir.2001).

The Court is requested to proceed to decide this matter on the merits and to deny the Defendants' Motion to Dismiss under Rule 12(b).

## CONCLUSION

The Courts generally disfavor dismissal and instead prefer determination of a cause on its merits. In this case, the basis of Defendants' Motion to Dismiss for failure to state a cause of action

*Datuin et al. v. LSG et al.*
*CIV Case No. 04-00010*
*Plaintiffs' Opposition to Defendants' Motion to Dismiss*
-5-

are patently false. For these reasons, Plaintiffs request the Court to deny the Motion to Dismiss so that the matter may proceed on its merits.

Respectfully submitted this 17th day of June, 2004.

LAW OFFICE OF SANDRA D. LYNCH, P.C.

By: _____
Sandra D. Lynch, Esq.
Attorney for Plaintiffs

**Certificate of Service**

I hereby certify that a copy of the foregoing Opposition to Motion to Dismiss was sent by fax and by hand delivery to counsel for the Defendants at Limtiaco Cruz & Sison PLLC, 777 Route 4, MVP Business Center, Sinajana, Guam 96910 on this 17th day of June, 2004.

_____
Sandra D. Lynch, Esq.

*Datuin et al. v. LSG et al.*
*CIV Case No. 04-00010*
*Plaintiffs' Opposition to Defendants' Motion to Dismiss*
-6-

Case 1:04-cv-00010  Document 27  Filed 06/17/2004  Page 6 of 16

# EXHIBITS

THE LAW OFFICES OF
SANDRA D. LYNCH, ESQ., P.C.
251 Martyr Street, Suite 101
Hagatna, Guam 96910
(671) 472-6848
Fax: (671) 477-5790

July 28, 2003

<u>Via Fax: (808) 541-3390</u>
Todd Chavez
Federal Investigator
United States Equal Employment Opportunity Commission
300 Ala Moana Blvd.
Suite 7-127
PO Box 50082
Honolulu, HI 96850

    Re: Complaint by Nona A. Perez

Dear Mr. Chavez:

    I enclose for your review Charging Statements on behalf of Felipe Datuin, James Cruz, Jeff Gumataotao, Bruce Fejeran, and Joaquin Taijeron.

    Felipe Datuin, James Cruz, Jeff Gumataotao, Bruce Fejeron, and Joaquin Taijeron each request a Right to Sue Notification from EEOC as soon as possible so that they may proceed to federal court with their claims. Should you wish to discuss this matter further, please feel free to contact me at (671) 472-6848.

                                                Sincerely,

                                                Sandra D. Lynch, Esq.

Attachment

Hawaii Civil Rights Commission and
United States Equal Employment Opportunity Commission

## Declaration of Jeff Gumataotao

Charging Party Information

Jeff Gumataoato
c/o 251 Martyr St., Suite 101
Agana, Guam 96910

| | |
|---|---|
| Date of birth: | 7/29/79 |
| Social Security No. | 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 |
| Race, national origin: | Chamorro/ Pacific Islander |
| Sex: | Male |

Contact Person:  Sandra D. Lynch
251 Martyr Street
Suite 101
Hagatna GU 96910
Phone: (671) 472-6848
Fax:    (671) 477-5790

Position or Title:  Dispatcher
Name of Immediate Supervisor:  Kelvin Chan

Respondent Information (Employer)

Luthansa LSG
PO Box 6712
Guerrero Street, Harmon Industrial Park
Harmon, GU 96913
Phone: (671) 646-5868

Approximately 200 employees

Contact Person:  Fritz Pandalitschka, Director of Operations
Guerrero Street
Harmon Industrial Park
Harmon, GU 96913
Phone: (671) 646-5868

215

# THE LAW OFFICES OF
# SANDRA D. LYNCH, ESQ., P.C.
251 Martyr Street, Suite 101
Hagatna, Guam 96910
(671) 472-6848
Fax: (671) 477-5790

## TELECOPIER COVER SHEET

TO : U.S. EEOC               DATE: October 10, 2003

FACSIMILE : (808) 541-3390

FROM : SANDRA D. LYNCH, ESQ.

SUBJECT : **Charging Statements of Felipe Datuin, James Cruz, Jeff Gumatao, Bruce Fejeran, and Joaquin Taijeron**

REMARKS :

| See letter of this date with attachments. |

We are transmitting 20 pages including this cover sheet.

If you do not receive all the pages, call  *Kathryn Littlepage*  as soon as possible at (671) 472-6848.

THIS MESSAGE IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

Statement:

I was terminated on June 26, 2003 by LSG. I was a dispatcher, and on the day I was fired I had been blamed for a delay on a flight. I had checked out after working the night shift; it was approximately 7:30 a.m. Tom Mendiola, my relief, called me at home to tell me that China Air's flight leaving at 9:00 a.m. was waiting for additional meals. I had told Eva from China Air this at about 7:00 a.m., and had called Blandina, the supervisor in the kitchen at the time. She said "O.K." When Tom came in to relieve my shift, I told him about the extra meals needed and he took over. Eva called Tom and both of them understood what was needed. Later, Tom called me and told me that I had been blamed for the delay, that China Air flight took off late.

After this incident, I was off the next three days, Friday, Saturday, and Sunday. On Monday, I called in and told Frank, my manager, that I was sick. I was off Monday and Tuesday. When I went back to work on Wednesday, the 11:30 shift, my usual schedule had changed. Instead of the night shift, I was scheduled to come in Thursday morning. So the next morning I went to work. This was the 26th. I worked all that day per my schedule.

After work, Kelvin Chan told me to come to a meeting. I went to Human Resources, where Kelvin and Zeta were present. They did all the talking. I was shown some kind of "performance" document. The document said that I had caused a flight delay, and that I had left work early. Also Kelvin said that I had not called in for Monday and Tuesday, despite that I had called in and spoken to Frank. I even presented them a doctor's excuse.

I did not get a copy of the document. They told me to go outside for a few minutes. When I was called back in, they gave me a letter to sign, saying that I was agreeing to the termination on the reasons stated. They said I was terminated.

I feel I was discriminated against as a Pacific Islander. There have been numerous incidents where flight schedules have changed, or delays were caused by the meal shortages. For example, a JAL flight was short 21 meals and Leslie only received a two day suspension. A flight that was catered late and was delayed for ten minutes resulted in a five day suspension for others. One week after that Frank was the acting Operations manager and dispatcher both, and a flight was delayed twenty-five minutes. No action was taken against him at all.

In my case, I had turned the issue over to my replacement and the replacement employee and the airline representative were working on the problem. My shift was over and I was not authorized to stay over. Others were treated better than me, and they are those in favor with Mr. Chen, who is a Chinese national.

The company had attempted to fire me earlier in the year, in April, 2003. I was given a warning letter and a five day suspension. The incident happened because there was a new flight schedule for Japan air lines. Neither I nor my supervisor were informed of the schedule change from an 8:00 a.m. flight to a 6:00 a.m. flight. The person I relieved on my shift did not tell me there was a time change. The schedule I saw still said it was an 8:00 a.m. flight. The person in charge of Operations, Mr. Chan, and the General manager, did not take any action against the

other persons, including the person on duty when the change was made.

I feel I was discriminated against because of my race, my national origin [Pacific Islander] and because I was friends with people who made complaints.

Mr. Chan reports directly to Mr. Pandalitchska, who reports to H.K. Cheung in Hong Kong. The employee relations section is run by Hong Kong and I believe that they

CONFIRMATION REPORT - MEMORY SEND

```
Time       : OCT-10-03 17:28
Fax number :
Name       :
```

| | | |
|---|---|---|
| Job | : | 130 |
| Date | : | OCT-10 17:22 |
| To | : | 18085413390 |
| Doc. pages | : | 20 |
| Start time | : | OCT-10 17:22 |
| End time | : | OCT-10 17:28 |
| Pages sent | : | 20 |
| Job:130 | | \*\*\* SEND SUCCESSFUL \*\*\* |

**THE LAW OFFICES OF
SANDRA D. LYNCH, ESQ., P.C.**
251 Martyr Street, Suite 101
Hagatna, Guam 96910
(671) 472-6848
Fax: (671) 477-5790

**TELECOPIER COVER SHEET**

| | | | |
|---|---|---|---|
| TO | : | U.S. EEOC | DATE: October 10, 2003 |
| FACSIMILE | : | (808) 541-3390 | |
| FROM | : | SANDRA D. LYNCH, ESQ. | |
| SUBJECT | : | Charging Statements of Felipe Datuin, James Cruz, Jeff Gumatao, Bruce Fejeran, and Joaquin Taijeron | |
| REMARKS | : | | |

See letter of this date with attachments.

We are transmitting 20 pages including this cover sheet.

If you do not receive all the pages, call *Kathryn Littlepage* as soon as possible at (671) 472-6848.

THIS MESSAGE IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

# THIRD PARTY CERTIFICATION OF CHARGE

*I certify that the charge specified below is lodged in behalf of the following individual claiming to be aggrieved by the respondent named in the charge. The individual named herein is aware of the charges and that they have been lodged in behalf of a person claiming to be aggrieved.*

## AGGRIEVED PERSON

| NAME | ADDRESS | TELEPHONE NUMBER |
|---|---|---|
| Felipe Datuin | 251 Martyr St Ste 101 Agana, Guam 96910 | (671) 472-6848 |
| | | |
| | | |
| | | |

*I declare under the penalty of injury that the foregoing is true and correct.*

| DATE | TELEPHONE NUMBER | CHARGE NUMBER |
|---|---|---|
| 10/10/03 | (671) 472-6848 | |

SIGNATURE OF PERSON FILING IN BEHALF OF AGGRIEVED PERSONS

Sandra D. Lynch, Esq.

Hawaii Civil Rights Commission and
United States Equal Employment Opportunity Commission

Declaration of Felipe Datuin

Charging Party Information

Felipe Datuin
c/o 251 Martyr St., Suite 101
Agana, Guam 96910

| | |
|---|---|
| Date of birth: | 1/12/62 |
| Social Security No. | 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 |
| Race, national origin: | Chamorro/ Pacific Islander |
| Sex: | Male |

Contact Person:  Sandra D. Lynch
251 Martyr Street
Suite 101
Hagatna GU 96910
Phone: (671) 472-6848
Fax:   (671) 477-5790

Position or Title: Assistant Operations Manager
Name of Immediate Supervisor: Kelvin Chan

Respondent Information (Employer)

Luthansa LSG
PO Box 6712
Guerrero Street, Harmon Industrial Park
Harmon, GU 96913
Phone: (671) 646-5868

Approximately 200 employees

Contact Person:  Fritz Pandalitschka, Director of Operations
Guerrero Street
Harmon Industrial Park
Harmon, GU 96913
Phone: (671) 646-5868

215

Statement:

I worked for LSG for almost eleven years. I was fired for "economic reasons" in late

April, 2003. I was the Assistant Operations Manager, reporting to Kelvin Chan, the Operations Manager, who was my immediate supervisor. My position previously reported to the Production manager, who only a short time before was Gino Perez.

I had a conflict with the General Manger, Mr. Pandalitchka one day when a child's meal was missing from a business class flight. The meal was for economy class. I was told to "get it together," and Mr. Pandalitchka told me I had twenty minutes to "fix it." Mr. Kelvin Chan is the person in charge of talking to the airlines to make the orders, my job was to merely follow up. On the day in question, there had been no orders to Mr. Chan. Before this time, I had a perfect personnel record.

Instead of blaming his personal assistant, who is Chinese, Mr. Pandalitchska blamed me.

I was given a letter stating I was being terminated, but I was told that I was being laid off, and that I could come back if there was an opening. I was told I could resign instead of being laid off. I signed a Waiver because I was told that I had to in order to be processed for my last paycheck.

I believe I was singled out after I supported Gino Perez and Michelle Ramos. I was friendly with them, and after they made their complaints known, I was fired. I was given no severance package despite my years with the company. Fritz Pandalitschka fired me instead of blaming the Operations Manager, Mr. Chan, whose job it was to order the correct meal.

I feel I was retaliated against because of my support for Ms. Ramos and Mr. Perez and that I complained about what I believed was disparate treatment of Pacific Islanders, including myself. I feel the problem with the meal was a mere effort to find something to use against me, since there was obviously no other reason. It was therefore a pretext for terminating me.

It is my understanding that Mr. Chan answers directly to Mr. Pandalitchska, who is the General manager. Mr. Pandalitchska answers to Hong Kong, to Mr. H.K. Cheung, who answers to Luthansa in Germany. Mr. Pandalitchska and Mr. Cheung are hired from the corporate offices, not by anyone with any authority in Guam or Saipan or even Hong Kong.

LSG has been discriminating against anyone who is friends with Mr. Perez and Ms. Ramos who have complained, and anyone who complains about Mr. Chan and his treatment of Pacific Islanders, and I feel it is their practice to allow Guam and Saipan to carry on this type of treatment so long as it furthers their business, without any attention to how disparately people are treated here.

I feel that I was also discriminated against because of my age. I am older than many of the other employees, and had been with LSG several years. I had experience with other managers and LSG did not always treat people disparately or in a discriminatory manner until Mr. Pandalitchska came in. I was 41 when I was fired. Younger men have taken my place since I left, despite that I was told that the company was in financial trouble and had to lay me off.