**LIMTIACO CRUZ & SISON, PLLC**
Alicia A. Limtiaco, Esq.
Donna M. Cruz, Esq.
MVP Business Center
777 Route 4, Suite 11B
Sinajana, Guam 96910
Telephone: (671) 477-0000
Facsimile: (671) 477-0001

**SIDLEY AUSTIN BROWN & WOOD LLP**
Peter I. Ostroff (SBN 045718)
Max C. Fischer (SBN 226003)
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| FELIPE DATUIN, JEFF GUMATAOTAO and JAMES CRUZ, <br><br> Plaintiffs, <br><br> vs. <br><br> LSG LUFTHANSA SERVICE GUAM, INC., et al. <br><br> Defendants. | CIVIL CASE NO. 04-00010 <br><br><br><br><br><br> **REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS** |

Defendants LSG Guam Service, Inc. and LSG Guam Catering, Inc. (collectively "LSG Guam" or "Defendants") hereby submit, pursuant to Federal Rule of Civil Procedure 12(b), the following Memorandum in Further Support of their Motion to Dismiss.

**ORIGINAL**

Felipe Datuin, et al. v. LSG Lufthansa Service Guam, Inc.,et al.
District Court of Guam Civil Case No. 04-00010
Reply Memorandum in Further Support of Motion to Dismiss

## INTRODUCTION

In its opening memorandum, Defendants presented the Court with two discrete reasons that Plaintiff Felipe Datuin's ("Datuin) entire lawsuit should be dismissed and Jeff Gumataotao's ("Gumataotao") retaliation claim should be dismissed. In response, Plaintiffs offer a slew of unauthenticated documents and unsworn assertions concerning Datuin's apparently unsuccessful efforts to file a timely Charge of Discrimination with the EEOC and a strained and contorted reading of Gumataotao's Charge of Discrimination. In the end, Plaintiffs fail to identify any legitimate reason to avoid the result dictated by precedent, fair reading, and the express language of the relevant statutes: dismissal of Datuin's lawsuit and Gumataotao's retaliation claim.

## ARGUMENT

### I. DATUIN FAILED TO FILE A CHARGE OF DISCRIMINATION THAT CONFORMED WITH FEDERAL LAW WITHIN 180 DAYS OF THE DATE OF HIS TERMINATION.

Federal law provides specific requirements for Charges of Discrimination ("Charges"). Title 42 U.S.C. § 2000e-5(b) provides that all Charges shall be "in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." Federal law also requires that a sufficient Charge be filed within 180 days of the last date of discrimination. 42 U.S.C. § 2000e-5(e). Failure to do so requires the dismissal of any lawsuit later

Felipe Datuin, et al. v. LSG Lufthansa Service Guam, Inc., et al.
District Court of Guam Civil Case No. 04-00010
Reply Memorandum in Further Support of Motion to Dismiss

premised on such an untimely Charge. *See National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 113-14 (2002) (discrete acts, such as termination, are not actionable under Title VII if underlying charge is filed more than 180 days after such discrete act).

It is undisputed that Datuin did not file a Charge that was under oath or affirmation until November 13, 2003, no less than 22 days after his deadline of October 27, 2003 if, as he claims, he was terminated in "late April" 2003. The only excuse he now offers is that his prior correspondence with the EEOC through his attorney somehow meets statutory muster. Plaintiffs' failure to provide a single citation that unsworn documents can somehow suffice in lieu of a sworn Charge is not surprising, as their argument has no merit. What is surprising is the hodge-podge of unauthenticated documents and unsworn assertions that now pervade his response to the Motion to Dismiss.

As a primary matter, it is well-established that unsworn documents such as intake questionnaires and other informal, unsworn descriptions of claims do not pass statutory muster, do not constitute Charges of Discrimination, and do not save a plaintiff from running the statute of limitations. *See Sanders v. Culinary Workers Union*, 804 F. Supp. 86 (D. Nev. 1992), *aff'd sub nom. Sanders v. Ogden Allied Leisure Servs., Inc.*, 5 F.3d 539 (9th Cir. 1993) (unsworn intake questionnaire insufficient to constitute "Charge of Discrimination" and thus Plaintiff failed to exhaust administrative remedies and could not pursue claim in federal court); *Vakharia v. Little Co. of Mary Hosp. and Health Care Ctrs.*, 917 F. Supp. 1282 (N.D. Ill. 1996) (same). Thus, because it is

Felipe Datuin, et al. v. LSG Lufthansa Service Guam, Inc., et al.
District Court of Guam Civil Case No. 04-00010
Reply Memorandum in Further Support of Motion to Dismiss

undisputed that Datuin did not submit a *sworn* Charge until after the 180 day period expired, his Charge was untimely and he cannot pursue his Title VII claims in Federal court.

Secondly, the unauthenticated documents attached to Plaintiffs' Response fail to substantiate his assertions, even if they were legally relevant. He points to a July 28, 2003 letter from his counsel attaching "Charging Statements," though no statement from Datuin is attached, let alone a sworn one. Plaintiffs' claims that the EEOC requested "format changes" is simply unsupported by any of the documents they now attach, even assuming it had relevance.[1]

Accordingly, Plaintiffs provide no reason to ignore the well-established statutory requirements of a Charge of Discrimination, in particular the requirement that it be sworn, nor Datuin's ultimately untimely Charge, which he filed 22 days past the expiration of the statutes of limitations. Therefore, Defendants' Motion to Dismiss Datuin's claims should be granted.[2]

## II. GUMATAOTAO'S CLAIM OF RETALIATION IS NOT REASONABLY RELATED TO HIS CHARGE OF DISCRIMINATION.

As discussed in their opening Memorandum, a Title VII plaintiff must exhaust his administrative remedies with the EEOC and may only bring those claims he raised in his EEOC

---

[1] Plaintiffs' Response also curiously mentions a "Declaration of Counsel," though it attaches none.
[2] Plaintiffs offer a misguided attempt to convince the Court that the Motion to Dismiss is actually a Motion for Summary Judgment, ignoring the well-established rules concerning Rule 12(b) motions such as the present one, namely that the Court may take judicial notice of documents filed with a federal agency, such as EEOC Charges. *See Gallo v. Board of Regents*, 916 F. Supp. 1005, 1007-08 (S.D. Cal. 1995) (examining EEOC charges in connection with 12(b)(6) motion to dismiss on timeliness grounds).

-4-

Felipe Datuin, et al. v. LSG Lufthansa Service Guam, Inc., et al.
District Court of Guam Civil Case No. 04-00010
Reply Memorandum in Further Support of Motion to Dismiss

Charge. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 644-45 (9th Cir. 2004). Gumataotao's Charge and accompanying declaration contain no allegations of retaliation whatsoever, let alone that he actually complained to anyone. As Defendants explained, this prevents him from pursuing a retaliation claim in his present lawsuit. *See Vasquez*, 349 F.3d at 645 (holding that plaintiff's failure to present retaliation theory before EEOC, let alone raise facts that would have led the EEOC to investigate retaliation, barred claim in subsequent Title VII lawsuit).

Gumataotao's only response is to contort the language of his Charge so that it somehow embraces a retaliation theory. His linguistic gymnastics, however, have no merit. Gumataotao pins his entire argument on his statement in his Charge that "I feel I was discriminated against . . . because I was friends with people who made complaints." This statement, however, has nothing to do with *retaliation*. Rather, Gumatatao is simply making a claim for *associational* discrimination, which is cognizable (though woefully articulated in his Charge[3]) under Title VII. *See generally Wesley v. Stanley Door Sys., Inc.*, 986 F. Supp. 433, 435-36 (E.D. Mich. 1997) (noting elements of "associational" discrimination); *Robinett v. First Nat'l Bank*, 1989 WL 21158, *2 (D. Kan. Feb. 1, 1989) (noting that associational discrimination requires more than the plaintiff simply had "good friendship" with members of protected class).

---

[3] Thus, even if Gumataotao was brining an "associational discrimination" claim under Title VII, which no fair reading of his complaint yields, such claim would also be subject to dismissal, as Gumataotao has alleged nothing more than a "friendship" with people who complained about discrimination. *See Robinett, supra*; *Zielonka v. Temple Univ.*, 2001 WL 1231746, at *6 (E.D. Pa. Oct. 12, 2001) (granting summary judgment against plaintiff where it appeared that "plaintiff's relationship with [the protected class member] was that of friendly acquaintance and supportive voter in an academic election.")

-5-

Felipe Datuin, et al. v. LSG Lufthansa Service Guam, Inc., et al.
District Court of Guam Civil Case No. 04-00010
Reply Memorandum in Further Support of Motion to Dismiss

At a bare minimum, Gumataotao's Charge must have put the EEOC on notice of facts that would have subsequently led to discovery of claims he ultimately plead in his federal lawsuit. *See Vasquez, supra.* Here, Gumataotao never told the EEOC that he complained about anything, let alone that he engaged in any protected activity of any kind. Thus, there simply no fact in his Charge that would have uncovered his newfound claim of retaliation for making complaints of discrimination that he attempts to bring in his federal lawsuit. *Accord Vasquez, supra.* Consequently, his retaliation claim must now be dismissed for failure to exhaust his administrative remedies.

## CONCLUSION

Based on the foregoing, Defendants LSG Service Guam, Inc. and LSG Catering Guam, Inc., respectfully request that the Court grant its Motion to Dismiss.

Dated: July 19, 2004                              LIMTIACO CRUZ & SISON, PLLC


By: *[signature]*
JOCELYN M. RODEN, Esq.
a licensed employee