ORIGINAL

FILED
DISTRICT COURT OF GUAM
SEP - 7 2004
MARY L. M. MORAN
CLERK OF COURT



# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| FELIPE DATUIN, JEFF GUMATAOTAO and JAMES CRUZ,<br><br>Plaintiffs,<br><br>vs.<br><br>LSG LUFTHANSA SERVICE GUAM, INC., Et al.,<br><br>Defendants. | CIVIL CASE NO. 04-00010<br><br>**MEMORANDUM DECISION** |

The Court heard on August 31, 2004 the motion by Defendants LSG Lufthansa Service Guam, Inc. and LSG Lufthansa Catering Guam Inc. to dismiss certain Title VII claims filed against the said companies by **Felipe Datuin** and **Jeff Gumataotao,** two of the three Plaintiffs named above. **Alicia A. Limtiaco**, Esq., of the Law Office of Limtiaco Cruz & Sison, PLLC appeared for the Defendants and **Sandra D. Lynch**, Esq., of the Law Office of Sandra D. Lynch, P.C. appeared telephonically for the Plaintiffs. The Magistrate Judge heard the motion based upon the parties' consent to have this civil case proceed before the Magistrate Judge. The Court, at the conclusion of the hearing, denied Defendants' motion to dismiss the claim of Plaintiff Felipe Datuin but granted their motion to dismiss the retaliation claim of Plaintiff Jeff Gumataotao. The parties asked the

Court to issue a written decision memorializing its ruling. The Court now issues the following Memorandum Decision.

## I. BACKGROUND AND FINDINGS

Plaintiffs Datuin and Gumataotao along with Plaintiff James Cruz filed their complaint against LSG Lufthansa Service Guam, Inc., LSG Lufthansa Catering Guam Inc., and other Defendants on March 4, 2004 alleging unlawful practices by the said Defendants under Title VII of the Civil Rights Act of 1964. Defendant LSG Lufthansa Guam Service Inc. and LSG Lufthansa Catering Guam Inc. filed their answer on April 9, 2004. At the time they filed their answer, Defendants likewise filed their motion to dismiss. Defendants motion sought to dismiss (1) that portion of the complaint and all the claims therein filed by Plaintiff Felipe Datuin and (2) that portion of Plaintiff Jeff Gumataotao's complaint which alleged a retaliation claim.

Defendants argue that Datuin's claims should be dismissed because his "charge" was not timely filed, i.e., his charge was not filed with the Equal Employment Opportunity Commission (EEOC) within one hundred eighty (180) days. 42 U.S.C. § 2000e-5(e)(1) requires the filing of a charge with the EEOC within one hundred eighty days after the alleged unlawful employment practice occurred. Datuin's EEOC charge alleged that he was terminated in latter April of 2003. However, the EEOC stamp filed his Charge as having been received on November 13, 2003, more than the 180 days required for filing with the EEOC.

Defendants argue that Gumataotao's Retaliation Claim should be dismissed because he did not raise that issue in his EEOC Charge. Having failed to properly raise the issue in his EEOC charge, Gumataotao failed to exhaust his administrative remedies with respect to that claim.

Plaintiff Datuin disputes Defendant's contention that he filed his Charge on November 13,

Case 1:04-cv-00010    Document 38    Filed 09/07/2004    Page 2 of 11

2004. Datuin has filed with the Court his attorney's letter to an investigator with the EEOC in Honolulu, Hawaii, showing that he filed his claim with that office on July 28, 2003. Plaintiff's counsel has further filed a fax cover sheet showing she filed the Charge on October 10, 2003. Moreover, Plaintiff's Counsel represented to the Court during oral arguments that she did file the charge on the above referenced dates. It is thus Datuin's position that his charge was filed with the EEOC within the one hundred eighty (180) days required by the above referenced statute.

Plaintiff Gumataotao responds to Defendants' motion by pointing out to the court that in his Charge to the EEOC, he stated that he was discriminated against "because of my race, my national origin, [Pacific Islander] and because I was friends with people who made complaints." He asks the court to liberally construe his statements to encompass claims that his termination was motivated in part by his support of others who opposed discrimination, and his challenge to the company's wrongful suspension of a month earlier. He further argues that his retaliation claim is like or reasonably related his EEOC discrimination claims and therefore should not be dismissed.

In reply to Plaintiffs' arguments, Defendants point out that the claims filed by Plaintiff Datuin in July or October of 2003, even if relevant, were not under oath or affirmation as required by 42 U.S.C. § 2000e-5(b). Plaintiff's failure to file a sworn charge within one hundred eighty (180) days requires the dismissal of Datuin's claims.

## II. DISCUSSION AND CONCLUSIONS OF LAW

### (A) Motion to Dismiss the Datuin Claim

42 U.S.C. § 2000e-5(e)(1) requires a Charge to be filed with the EEOC within one hundred eighty (180) days after the alleged unlawful employment practice occurred. Furthermore, 42 U.S.C. § 2000e-5(b) provides that the Charge shall be in writing "under oath or affirmation". Having

Case 1:04-cv-00010   Document 38   Filed 09/07/2004   Page 3 of 11

reviewed the pleadings filed herein, the Court finds that Datuin did file his charge with the EEOC within the one hundred eighty day period. However, affirmation of his charge was not made within the said one hundred eighty days. The question the Court must therefore ask itself is whether Datuin's Claims should be dismissed because he filed a verified Charge after expiration of the one hundred eighty (180) day filing period even though an unverified Charge was filed with the EEOC prior to the expiration of the said one hundred eighty days.

Datuin's EEOC charge bears a stamp filed date of November 13, 2003. The stamp filed Charge bears the signature of Datuin and is dated November 7, 2003[1]. Does the November 7, 2003 affirmation date and the November 13 filing date satisfy the statute's oath or affirmation requirement?

In *Casavantes v. California State University, Sacramento*, 732 F. 2d 1441(9th Cir. 1984), the Ninth Circuit Court determined that an Intake Questionnaire which Casavantes filed with the EEOC constituted a charge within the meaning of federal regulations because the questionnaire gave the Commission a written statement sufficiently precise to describe generally the unlawful practice complained of. The Questionnaire was filed 248 days after Casavantes' notice of termination and within the three hundred (300) days requirement of the statute. The EEOC interviewed Casavantes and sent him a formal charge document 313 days after his notice of termination. Casavantes signed the formal charge and mailed it back to the EEOC. In a suit subsequently filed by Casavantes, the District Court dismissed his suit on the ground that it did not have jurisdiction to hear Casavantes' claim because he did not file the claim within three hundred (300) days of the discriminatory act as

---

[1] A date of November 7 would indicate that the Charge was not sworn to prior to the expiration of the 180 day filing period.

Page -4-

required by the statute.

In response to the University's contention that the Intake Questionnaire was not a formal charge document and was further not verified, the Court noted that the Commission had an amendment procedure adopted in its regulations. 29 C.F.R. § 1601.12(b) allowed a charge to be amended to cure technical defects, including the failure to verify and such amendment related back to the date the charge was filed. In Casavantes' case, the Intake Questionnaire was not signed or verified, but that deficiency was cured through the EEOC's amendment procedure when he signed the formal charge even though it was more than 300 days after the discriminatory act. The Ninth Circuit Court reversed the dismissal by the District Court because the EEOC's amendment procedure allowed the amendment to relate back to the time of the filing of the Intake Questionnaire.

In *Philbin v. General Electric*, 929 F. 2d 321 (7th Cir. 1991), the Seventh Circuit noted that some of its district courts were dismissing cases similar to Casavantes, holding that the EEOC was exceeding the authority of the statute in allowing a written statement to constitute a charge for purposes of the time required element before the statement was signed and verified. In *Philbin*, the district court dismissed Philbin's Title VII action because he had failed to file a verified charge within the 300 day limitations period. The Seventh Circuit noted that the Courts of Appeal which had addressed the issue concluded that the EEOC had the authority to decide that a subsequent verification of a charge related back to the time of the initial filing and satisfied the statutory requirement. The Count found the reasoning of the circuit courts (Fifth, Ninth, and Tenth) persuasive and held that an intake questionnaire which was later verified could constitute a charge in some circumstances.

Page -5-

The rationale of the above cases apply to Datuin's case. Datuin filed a written charge with the EEOC on July 28 and again on October 10, 2003. The charge filed on October 10 was exactly the same as the charge filed on November 13, the only exception being that the November 13 charge was signed and verified by Datuin. Under the Commission's amendment procedure, the subsequent November 13 verification of Datuin's unsworn charge of October 10 related back to the October 10 filed charge. Thus, Datuin has met the statutory requirements of a written statement filed, signed and verified within one hundred eighty (180) days of the alleged discriminatory act. Defendant's motion to dismiss his suit must therefore be denied.

In reaching the conclusion above, the Court is cognizant of the filing period requirement as enunciated by the Supreme Court's in *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 121 (2002). Therein the Court stated:

> Our holding does not leave employers defenseless against employees who bring hostile work environment claims that extend over long periods of time. Employers have recourse when a plaintiff unreasonably delays filing a charge. As noted in ...*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the filing period is not a jurisdictional prerequisite to filing a Title VII suit. Rather, it is a requirement subject to waiver, estoppel, and equitable tolling "when equity so requires." *Id.*, at 398, 102 S.Ct. 1127. These equitable doctrines allow us to honor Title VII's remedial purpose "without negating the particular purpose of the filing requirement, to give prompt notice to the employer." *Ibid.*
> This Court previously noted that despite the procedural protections of the statute "a defendant in a Title VII enforcement action might still be significantly handicapped in making his defense because of **2077 an inordinate EEOC delay in filing the action after exhausting its conciliation efforts." *Occidental Life Ins. Co. of Cal. v. EEOC*, 432 U.S. 355, 373, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977). The same is true when the delay is caused by the employee, rather than by the EEOC. Cf. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 424, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975) ("[A] party may not be 'entitled' to relief if its conduct of the cause has improperly and substantially prejudiced the other party"). In such cases, the federal courts have the discretionary power to "to locate 'a just result' in light of the circumstances peculiar to the case." *Id.*, at 424-425, 95 S.Ct. 2362.

Datuin filed his charge in July and October of 2003. Based upon the July or October filing date, it becomes clear that there was "an inordinate EEOC delay in filing" his charge, a delay which would have prejudiced Datuin's ability to proceed with his claims if the filing period were a jurisdictional prerequisite. Had there been no amendment procedure in place by the EEOC, a just result in Datuin's situation would have required this Court to apply an equitable tolling period in his case. The Court finds no need, however, to resort to such an application (equitable tolling) since it is satisfied that the EEOC's amendment procedure has corrected a technicality in Datuin's charge, his initial failure to have his charge verified. The verified charge dated November 13 was an amendment of his originally filed charge and related back to the July 28 or October 10, 2004 date the charge was filed. With either date, Datuin met the one hundred eighty (180) day limitations period.

### (B) Motion to dismiss Gumatoatao's retaliation claim

Plaintiff Jeff Gumataotao's filed charge with the EEOC is attached to his opposition to Defendants' motion. On its face, Gumatoatao's charge clearly alleges discriminatory practices on the part of Defendants based upon his race and national origin. In his suit, however, Gumataotao alleged[2] that he had "made known his support for other persons who [had] filed suit...and a pretense was therefore needed for his termination". He also alleged[3] that the Defendant "devised a pretense to terminate [him] because of his national origin, and in retaliation". Furthermore, he "complained[4] about the disparate treatment he and other Pacific Islanders received..." but none of his complaints

---

[2] Paragraph 61 of the complaint.

[3] Paragraph 62 of the complaint.

[4] Paragraph 63 of the complaint.

Page -7-

were acted upon by Defendants. Gumataotao alleged further acts of retaliation on the part of the Defendants in Paragraphs 80 and 84 on Count V of his suit.

In contrast to the allegations made by Gumataotao in his complaint, the charge he filed with the EEOC made no specific reference to any retaliation action by the Defendants. Plaintiff Gumataotao, however, asks the Court to find a retaliation related claim in his charge based upon his statement: "I feel I was discriminated because of my race, my national origin [Pacific Islander] and because I was friends with people who made complaints".

In *Fundukian v. United Blood Services*, 18 Fed. Appx. 572 (C.A.9 (Ariz.)), 2001, the Ninth Circuit stated:

> To establish federal subject matter jurisdiction over Title VII claims, a plaintiff must first exhaust his or her administrative remedies before seeking federal adjudication of those claims. 42 U.S.C. § 2000e-5(f); *EEOC v. Farmer Bros., Co.*, 31 F. 3d 891, 899 (9th Cir. 1994). However, a federal court may assert subject matter jurisdiction over claims not explicitly raised in the EEOC complaint if the claims are "like or reasonably related to the allegations of the EEOC charge." *Oubichon v. N. Am. Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir.1973). The EEOC charge must be clear enough to notify the agency of the legal theory being argued *575 and the operative facts at issue. *Ong v. Cleland*, 642 F.2d 316, 318 (9th Cir.1981).

Under *Fundukian*, in order to determine whether Gumataotao's additional claim of retaliation is like or reasonably related to the discrimination allegations in his charge, the Court must ask "whether the investigation that would be reasonably expected to develop from the charge would have encompassed those additional allegations".

The issue of retaliation by the Defendants was not raised at all in Gumataotao's charge. Because it was not so raised, it is difficult to see how an investigation which would have developed would have encompassed the retaliation claim. In *Fundukian*, the Court reasoned that without

Page -8-

mention of sex and age discrimination issues in Fundukian's EEOC charge, "a reasonable EEOC investigation into whether UBS retaliated against [her] for protesting a lack of minority recruitment would not have explored whether her age and sex were causes of her termination". The Court further concluded that issues of race, sex and age were not related to issues involved in a retaliation claim. Thus, "any EEOC investigation of the first issue would consider different evidence than would an investigation of the second". The Court therefore dismissed Fundukian's claims of age, sex, and race discrimination, issues which were first raised in her complaint in the district court.

In *Mesbah v. Ashcroft*, 14 Fed. Appx. 952, C.A. 9 (Cal.), 2001, the Ninth Circuit Court determined that Mesbah's religious discrimination claim was reasonably related to his claim of national origin discrimination and was not barred even though he failed to include the religious discrimination claim in his EEOC charge. Applying the same standard for determining a like or reasonably related claim, the Court reasoned that the religious discrimination claim could reasonably be expected to grow out of the EEOC investigation because Mesbah told the EEOC investigator in his initial informal interview that he felt he was discriminated against on account of both national origin and religion. Thus, the Court held that the religious discrimination claim could reasonably have been developed from the EEOC investigation because Mesbah specifically mentioned in his informal interview that he felt discriminated based also upon his religion.

In Gumataotao's case, Plaintiff's Counsel advised the Court during oral arguments that he had filed his charge and requested a right to sue letter from the Commission. Based upon that representation, the Court concludes there was no investigation conducted by the EEOC with regard to his charge. Rather, Gumataotao sought and received a right to sue letter upon the filing of his charge.

Other cases which have discussed the relationship between like or reasonably related claims find the existence of such a relationship between said claims if there is a finding of a factual relationship between them, i.e., the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals for the claim in the complaint to be cognizable. See *Johnson v. Milwaukee School of Engineering*, 285 F. Supp. 2d 896, E.D. Wis., 2003. A review of Gumataotao's charge alleges a termination and a belief by Gumataotao that his termination was based upon race, national origin, and friendship with those who complained. The statement of belief and the conduct complained of by Gumataotao in his charge fall short of alleging a retaliation claim. At a bare minimum, Gumataotao had to allege in his charge that he participated or engaged in an activity protected under federal law to raise the possibility of a retaliation claim. Gumataotao did not make any such allegation. Rather, he said he was friends with the others who complained. The retaliation claim which he set forth in his complaint and the conduct which he set forth in his charge do not draw a factual relationship. The allegations do not detail the same conduct nor implicate the same individuals. There is no factual relationship. Thus, the retaliation claim is not like or reasonably related to the discrimination claims alleged in his charge.

For the reasons stated above, the Court must dismiss Gumataotao's claim of retaliation as set forth in his complaint since he never raised such an issue in his charge. Furthermore, the retaliation claim set forth in his complaint is not like or similar to the discrimination claims he sets forth in his charge.

## CONCLUSION

The Court concludes that Plaintiff Felipe Datuin's EEOC charge was filed within one hundred eighty (180) days of the alleged unlawful termination pursuant to the amendment procedure

of the EEOC even though his charge was stamp filed on November 13, 2003 by the EEOC, more than one hundred eighty days after the said unlawful termination. The later filed charge was an amendment of the initial charge and related back to the date of its filing, well within the 180 day limitations period. Thus, Defendants' motion to dismiss that portion of the complaint filed by Datuin based upon his untimely filing is denied.

The Court further concludes that Plaintiff Jeff Gumataotao's retaliation claim, which was first brought forth in his complaint, must be dismissed because he did not raise the retaliation issue in his charge with the EEOC. The Defendants' motion to dismiss that portion of Plaintiff Gumataotao's complaint which sets forth his retaliation claim is hereby granted.

**IT IS SO ORDERED.**

Dated: September 7, 2004.

Joaquin V. E. Manibusan, Jr.
Magistrate Judge

Notice is hereby given that this document was entered on the docket on 09/09/04. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ 09/09/04
Deputy Clerk    Date