LIMTIACO CRUZ & SISON, PLLC
Alicia A. Limtiaco, Esq.
Donna M. Cruz, Esq.
MVP Business Center
777 Route 4, Suite 11B
Sinajana, Guam 96910
Telephone: (671) 477-0000
Facsimile: (671) 477-0001

SIDLEY AUSTIN BROWN & WOOD LLP
Peter I. Ostroff (SBN 045718)
Max C. Fischer (SBN 226003)
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| FELIPE DATUIN, JEFF GUMATAOTAO and JAMES CRUZ, <br><br> Plaintiffs, <br><br> vs. <br><br> LSG LUFTHANSA SERVICE GUAM, INC., et al. <br><br> Defendants. | CIVIL CASE NO. 04-00010 <br><br><br><br> STATUS REPORT |

COME NOW Defendants, LSG Lufthansa Service Guam, Inc., LSG Catering Guam, Inc., LSG Lufthansa Service Saipan, Inc. and LSG Catering Saipan, Inc. ("Defendants") by and through their counsel of record, Limtiaco Cruz & Sison, PLLC, by Alicia A. Limtiaco, Esq., and hereby submit to the Court the Defendants' Status Report. Pursuant to the Court's Order filed on November 12, 2004, a Status Conference is scheduled for December 16, 2004, at 10:00 a.m.

## BACKGROUND

Plaintiffs Felipe Datuin, Jeff Gumataotao and James Cruz ("Plaintiffs") filed a multi-count complaint against Defendants arising under 42 U.S.C. § 2000e-5 ("Title VII"). Defendants filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted ("Defendants' Motion to Dismiss") on April 9, 2004. Defendants' Motion to Dismiss was heard on August 31, 2004. The Court issued its written decision granting Defendants' Motion to Dismiss Plaintiff Jeff Gumataotao's retaliation claim and denying Defendants' Motion to Dismiss Plaintiff Datuin's claims.

Defendants deny Plaintiffs' remaining allegations and causes of action, and have set forth affirmative defenses thereto in their Answer to Plaintiffs' Complaint. All parties have consented to the jurisdiction of the Magistrate Judge. As discussed below, Plaintiffs have manifested a lack of desire to prosecute this action. Consequently, as explained below, Defendants respectfully request that the Court issue an order to show cause why this matter should not be dismissed for a failure to prosecute.

## CASE STATUS

The scheduling conference was held on June 2, 2004. At this scheduling conference, Sandra D. Lynch, Esq. appeared on behalf of Plaintiffs and Donna M. Cruz, Esq. and the undersigned appeared on behalf of Defendants. Defendants informed the Court that they did not receive a proposed discovery plan from Plaintiffs and therefore could not meet and confer in accordance with the Local Rules. Because Plaintiffs failed to file a proposed discovery plan pursuant to the Court's order as set forth in the May 10, 2004 Scheduling Notice, Defendants filed a separate and independent proposed discovery plan. The Court then informed Plaintiffs to finalize the scheduling order after conferring with Defendants. To date, Defendants have not received a proposed scheduling order from Plaintiffs.

On August 31, 2004, the Court again inquired about the status of the scheduling order at the Defendants' Motion to Dismiss hearing. Defendants informed the Court that at the June 2, 2004

scheduling conference, the Court ordered Plaintiffs' counsel to finalize the scheduling order and submit it to Defendants' counsel for review and approval. Plaintiffs' counsel apologized to the Court indicating that another lawyer was supposed to handle the matter, but discovered that that was not the case and would promptly finalize and send the scheduling order to Defendants' counsel. The Court emphasized the importance and necessity of submitting the scheduling order so as to be in compliance with the Court rules, and to move the case forward. To date, Defendants' counsel have not received the scheduling order for review and approval.

The following discovery has been initiated:

a. The "initial disclosures" described in subsections (A), (B), (C), and (D) of the FRCP 26(a)(1) were to be exchanged between the parties by October 15, 2004. Defendants provided Plaintiffs through their counsel of record, a copy of their disclosures via certified mail on October 15, 2004. A certified mail receipt showed that the Defendants Initial Disclosures were received on October 21, 2004. Defendants have not received Plaintiffs' initial disclosures and without such information it is difficult to proceed with further discovery in this case.

b. The disclosure of expert testimony by Plaintiffs' experts shall be made not later than December 17, 2004. No disclosure of Plaintiffs' experts has been received by Defendants to date. The disclosure of expert testimony by Defendants' experts shall be made by January 21, 2005. Because Plaintiffs have not filed their initial disclosures to Defendants nor disclosed if Plaintiffs are seeking expert testimony, it is difficult for Defendants to identify if expert testimony is necessary in this matter.

As the Local Rule 16 conference has not yet been completed, under FRCP 26(d), Defendants have not submitted any interrogatories, made any requests for production of documents, made any requests for admissions or taken any depositions of witnesses. Defendants wish to initiate

3

their pretrial discovery but are unable to proceed without court order and without Plaintiffs' initial disclosures. In particular, without such initial disclosures, Defendants are unable to strategize and determine which direction they should take to prepare for the defense of this case. In addition, Defendants are at a disadvantage in identifying the witnesses to be deposed, interrogatories to proffer, admissions to request, or documents to review.

The discovery cut-off date (defined as the last day to file responses to discovery) is March 25, 2005. There are no changes to this discovery cut-off date. However, the longer Plaintiffs take in providing the initial disclosures to Defendants, the more Defendants will be placed at a disadvantage in conducting discovery before the discovery deadline of March 25, 2005.

Defendants are at a disadvantage since Plaintiffs' counsel closed her Guam office on June 1, 2004. Plaintiffs have failed to timely comply with the Court's orders. Plaintiffs have abandoned their obligations to prosecute this case. Plaintiffs' failure to timely comply with court imposed deadlines or the Local Rules, dilatory behavior, and/or inactivity constitutes a failure to prosecute, warranting dismissal of this case. Defendants should not have to incur additional costs and expense in defending an action which Plaintiffs themselves have failed to prosecute, and thus, respectfully request that the Court issue an order to show cause requiring Plaintiffs to explain their conduct and intentions regarding the prosecution of this case.

## **CONCLUSION**

Defendants have made significant and meaningful progress to comply, and have complied in good faith, with all the Court's orders. Plaintiffs, on the other hand, have failed to timely comply with the Court's orders or Local Rules, including failing to provide to Defendants the scheduling order set forth and ordered by the Court at the scheduling conference on June 2, 2004, and Court hearing on the Defendants' Motion to Dismiss on August 31, 2004. Plaintiffs have also failed to

4

provide their initial disclosures to Defendants, and have generally been unresponsive to Defendants' overtures to proceed with this case. Plaintiffs' dilatory conduct and/or inactivity constitute a failure to prosecute, warranting dismissal of the instant case. Defendants respectfully request that the Court issue an order for Plaintiffs to show cause why the Court should not dismiss this case for lack of prosecution.

Respectfully submitted this 16th day of December 2004.

>LIMTIACO CRUZ & SISON, PLLC
>Attorneys for Defendants
>
>By: *(signed)* Alicia A. Limtiaco
>Alicia A. Limtiaco, Esq.

H:\Legal Files\Master Client Files\LSG\EEOC - Datuin\Status Report (tab) Datuin 12 16.04 final.doc